Kathleen **KITCHENS**, Appellant,

v.

**James Ralph KITCHENS, Sr.**, Appellee.

No. 10–86–229–CV.

Court of Appeals of Texas,
Waco.

Aug. 27, 1987.

John H. Jenkins, Houston, for appellant.

Joe Cannon, Cannon and Simmons, Groesbeck, for appellee.

HALL, Justice.

Appellant and appellee were married in April, 1985. They separated in February, 1986. Appellee filed this divorce action in April, 1986. Judgment was signed on August 18, 1986, divorcing the parties and dividing their property. The property division included a cash payment to appellee from appellant in the amount of $4,000.00. Appellant filed a timely motion for new trial on August 29, 1986. The motion was heard on October 13, 1986. On October 21, 1986, the trial judge signed a new judgment, entitled "Reformed Final Decree of Divorce," that divorced the parties and divided their property. The only difference between this judgment and the prior judgment was that this second judgment required a cash payment to appellee from appellant in the amount of $12,500.00 rather than $4,000.00.

 Appellant brought this appeal from the second judgment signed October 21, 1986. The certificate of the district clerk in the transcript reflects that appellant's deposit of cash made in lieu of bond to perfect the appeal was made with the clerk on November 21, 1986. Under the provisions of the Texas Rules of Appellate Procedure, Rule 41(a)(1), security for costs on appeal, whether in the form of a bond, affidavit or cash deposit, "shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party." Compliance with this timetable is mandatory and jurisdictional to our consideration of the appeal. *Glidden Co. v. Aetna Cas. & Sur. Co.*, 155 Tex. 591, 291 S.W.2d 315 (1956). We construe the provision in the Rule for filing a motion for new trial that extends the time for filing security for costs on appeal to mean a motion for new trial assailing the judgment appealed. Since such motion was not filed in our case, the last day for the making of appellant's cash deposit in lieu of bond on appeal was November 20, 1986. The deposit on November 21st was not timely.

The appeal is dismissed for want of jurisdiction.