AMERICAN HOME ASSURANCE
COMPANY, Appellant,

v.

Melvin C. FAGLIE, Appellee.

No. 08–87–00087–CV.

Court of Appeals of Texas,
El Paso.

Jan. 6, 1988.

Rehearing Granted Feb. 26, 1988.

Rehearing Denied March 23, 1988.

Andrew C. Olivo, Jack Brewster, Brewster & Mayhall, El Paso, for appellant.

Lance Hall, Sweetwater, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment in a workers' compensation case. A judgment was signed and entered on December 24, 1986. Plaintiff's motion for a "new trial, or in the alternative, to modify, correct or reform judgment" was filed January 22, 1987. In ruling on that motion, a new trial was denied. The first judgment was vacated. These two orders were signed and filed on March 9, 1987. A second judgment was filed on that same date. This second judgment indicated it was signed and entered on January 9, 1987. This may have been a clerical error.

 Appeal was taken from this second judgment. The certificate of the district clerk in the transcript reflects that the Appellant's deposit of cash was made in lieu of bond to perfect the appeal on March 23, 1987. Rule 41(a)(1), Tex.R.App.P., provides that security for costs on appeal, whether in the form of a bond, affidavit or cash deposit, "shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party." Compliance with this time table is mandatory and jurisdictional. *Glidden Company v. Aetna Casualty and Surety Company*, 155 Tex. 591, 291 S.W.2d 315 (1956). The extension of time provided for by motion for new trial relates to a motion for new trial assailing the judgment appealed. *Kitchens v. Kitchens*, 737 S.W.2d 101 (Tex. App.—Waco 1987). The motion for new trial clearly related to the first judgment that was vacated. The cash deposit was more than thirty days after the second judgment was ostensibly signed. This would render it untimely.

The appeal is dismissed for want of jurisdiction.

## OPINION ON MOTION FOR REHEARING

Jurisdictional defects have been cured by a nunc pro tunc judgment duly signed by the trial judge.

Carrier appeals from a workers' compensation judgment based upon a jury finding of total and permanent disability for the claimant. The claimant was injured on February 12, 1985, while working beside his truck. We affirm.

Carrier claims error because the trial judge harbored hatred for workers' compensation insurance companies and their attorneys, and created an atmosphere in which it was impossible to conduct a trial in an orderly and proper manner.

The trial record reveals the trial judge berated the carrier's attorney for not pursuing pre-trial discovery in reference to claimant's prior injuries, stating that this displayed a lack of preparedness for trial. He further implied that counsel's purpose of attempting to examine the witness on this point was an attempt to deceive the jury.

In cross-examination, the counsel for the carrier attempted to ask the claimant if he would be surprised that a physician had not placed restrictions on the claimant's going back to work in his report. The report provided a space for restrictions to be "light work" or "none." Neither blank was filled out. No objection was made to the argumentative form of the question or to the improper attempt to impeach the witness by a third party document. The trial judge did, however, again accuse the attorney of trying to mislead "[E]veryone intentionally."

The trial judge believed the evidence of injury was so absolute that he stated if the jury found otherwise, he would grant a new trial. He recognized issues as to extent and duration of the injury, however. He stated to counsel for the carrier that if counsel called the claimant a liar on the initial injury itself that he's "[G]oing to look like a damn shyster."

There were other statements that may have been made, but they are not before us by reviewable record or bill of exceptions.

■ None of the remarks were made in the presence of the jury. Trials are often stressful to counsel and judge alike. They can bring about imperfect conduct from each. Whether it be an attorney's intemperate remark to the judge which may invoke contempt power, or a judge's intemperate remark to an attorney which may require a reversal, the fundamental test must be whether the statements obstructed the administration of justice. A lawyer has a duty to represent his client zealously within the bounds of the law. He must respectfully insist that lawful evidence be offered and that rulings be made and recorded, even though it may displease the judge. In an effort to diminish an advocate's anxiety of unmerited reprisal, the Legislature has statutorily denied the offended judge the prerogative of determining an act to be contemptuous.[1]

■ In this case, there are no allegations that the jury was denied any evidence, or that they were influenced in any manner by the speech or demeanor of the trial judge. There is no error alleged in the court's ruling on the law. There is no harm shown. Points of Error Nos. Four and Five are overruled.

Carrier's remaining points of error contend there was no evidence or insufficient evidence of total and permanent disability, and there was no evidence or insufficient evidence that the occasion caused an injury which caused the disability. In considering a "no evidence" legal insufficiency point, we consider only the evidence which tends to support the jury's findings and disregard all evidence which supports the verdict. *McKnight v. Hill & Hill Exterminators, Inc.*, 689 S.W.2d 206 (Tex.1985). A factual insufficiency point requires us to examine all of the evidence in determining whether the finding in question is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952). The reviewing court cannot substitute its conclusions for

---

1. Section 21.002(d), Tex.Gov't.Code Ann. (Vernon Pamphlet 1988), requires the guilt or innocence of the offending lawyer to be determined by another judge. Whether this is inherently unconstitutional as a violation of the separation of powers doctrine, or whether the Legislature has made the contempt process so incumbered and impedimental as to render it unconstitu-

tional is another thing. However, to effectuate statutory contempt proceedings, a judge must first contact his administrative judge. He then must engage an attorney to prosecute the matter which can be an expensive, prolonged and demeaning endeavor for that trial judge. A more unsatisfactory option is to assume the role of an advocate and prosecute the case himself.

those of the jury. If there is sufficient, competent evidence of probative force to support the finding, it must be sustained. *Carrasco v. Goatcher,* 623 S.W.2d 769 (Tex.App.—El Paso 1981, no writ). It is not within the province of the Court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951). Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947); *Clark v. National Life & Accident Ins. Co.,* 145 Tex. 575, 200 S.W.2d 820 (1947).

■ The complainant testified that he was mashed between a car and his truck. He testified to the injury and consequent persistent, disabling pain. This was substantiated by observing witnesses. A physician testified that one would have to conclude that claimant's pain is related to the accident. The lay proof of the sequence of events, fortified by medical accord, produced a logical, traceable connection between the cause and the result. There is sufficient evidence of probative value to sustain the verdict. Points of Error Nos. One, Two and Three are overruled.

Judgment of the trial court is affirmed.