SYN–LABS, INC., Appellant,

v.

Susan FRANZ, Appellee.

No. 01–89–00641–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 5, 1989.

Before SAM BASS, DUGGAN and HUGHES, JJ.

ORDER

PER CURIAM.

This is an appeal from a judgment and decree of divorce wherein the court ordered Syn–Labs, appellant and third-party defendant, to pay to appellee, Susan Franz, the sum of $740,000. Appellee asks this Court to dismiss the appeal for lack of jurisdiction.

The trial court signed the judgment and decree of divorce on December 12, 1988. Syn–Labs timely filed its motion for new trial attacking the December 12, 1988 judgment on January 11, 1989. On February 24, 1989, the trial court signed a modified judgment and divorce decree. Appellant filed a cash deposit in lieu of bond on May 23, 1989. No motion for new trial was filed after the February 24, 1989 judgment was signed. Appellee asserts that because appellant did not reassert its motion for new trial after the modified judgment was signed on February 24, the cash deposit filed on May 23 was not timely to perfect the appeal.

Rule 41(a)(1), Tex.R.App.P., requires that the bond or affidavit in lieu thereof shall be filed within 30 days after the judgment is signed, or, within 90 days after the judgment is signed if a timely motion for new trial has been filed by any party. Citing rule 41(a)(1), appellee asserts that because no motion for new trial was filed after the modified judgment was signed, appellant was required to perfect its appeal on or before March 27, 1989.

Appellant claims that its motion for new trial, filed January 11, 1989, is a premature document. Tex.R.App.P. 58(a) and (c). As such, the motion may be deemed to have been filed the same day, but subsequent to, the day the modified judgment was signed. Tex.R.Civ.P. 306c. Appellant relies on *Miller v. Hernandez*, 708 S.W.2d 25 (Tex.App.

—Dallas 1986, no writ.), to support its position.

In *Miller*, the judgment complained of was signed August 30, 1985. A motion for new trial was timely filed on September 30, 1985. The court entered a corrected judgment on November 8, 1985. Miller perfected his appeal from that judgment on December 17, 1985. The appellee argued that, because Miller had not filed a motion for new trial within 30 days after the date the second judgment was signed, nor had he filed a motion to extend, the appeal was not timely perfected. The Dallas court declined to dismiss the appeal, holding:

> We conclude, however, that the motion for new trial filed September 30 may be considered a premature motion within the provision of rules 306c and 377a [1] and, therefore, as effective to extend the time for filing the appeal bond until 90 days after the corrected judgment of November 8.
>
> We construe rule 377a as authorizing us to consider a motion for new trial relating to an earlier judgment as applicable to a corrected judgment when the substance of the motion is such as could properly be raised with respect to the corrected judgment.

*Miller*, 708 S.W.2d at 27.

*Miller* was further explained by the Dallas court in *A.G. Solar & Co. v. Nordyke*, 744 S.W.2d 646 (Tex.App.—Dallas 1988, no writ.). In *Solar*, the original judgment was signed March 26, 1987, and a timely motion for new trial was filed on April 27. The motion expired by operation of law on June 9. The court entered a second judgment on June 30. Appellant filed its cost bond on September 22. The court distinguished its previous holding in *Miller*:

> In this case, however, Solar's motion for new trial had been overruled by opera-

---

**1.** Rule 377a, Tex.R.Civ.P., has been repealed. The new rule, Tex.R.App.P. 58, is virtually identical. Rule 377a, in effect at the time *Miller* was decided, stated:

(a) Proceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceedings may properly be applied.

(c) If the trial court has signed an order modifying, correcting or reforming the order appealed from, or has vacated that order and signed another, any proceeding relating to an appeal of the first order may be considered applicable to the second....

tion of law on June 9. There was a final disposition of it by June 30, the date that the corrected judgment was entered. We distinguish *Miller* from the instant case for that reason; in *Miller* the premature motion for new trial had not been overruled by the time a subsequent judgment was entered, and so remained a "live" pleading. *Miller*, 708 S.W.2d at 26.

We hold that, when a premature motion for new trial has already been disposed of, it can no longer "assail" a subsequent judgment under rule 306c Tex.R.Civ.P. and can no longer "be properly applied" to that judgment under 58 Tex.R.App. P. . . . . We hold, therefore, that, because Solar's motion for new trial had been overruled by the time that the June 30 judgment was signed, and because Solar did not reassert the motion, the time to perfect the appeal expired July 30. Solar failed to post a bond by that date, and it failed to file a timely motion to extend the time to file a bond. Therefore, we lack jurisdiction over this appeal.

*Solar*, 744 S.W.2d at 647.

In determining whether a motion for new trial extends the appellate timetable, the dispositive question for the Dallas court was whether the motion had expired by operation of law by the time a subsequent judgment was signed. According to the holdings in *Miller* and *Solar*, if a motion for new trial has not yet expired by operation of law, even though a subsequent judgment has been entered, the motion remains "live" and, in effect, relates forward so as to extend the appellate timetable.

In *Clark v. McFerrin*, 760 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1988, no writ), the judgment was signed February 25, 1987, and a motion for new trial was filed February 27. On April 10, appellees filed a motion to reinstate the judgment or, alternatively, to reconsider appellant's motion for new trial. The court reinstated the judgment on April 30 without change other than the date. On May 18, appellant filed a second motion for new trial, which was denied. Appellant perfected the appeal on July 9. The appellees moved for a dismis-

sal for want of jurisdiction, asserting that the appellate timetable should run from the date of the subsequent judgment. The issue in *Clark*, as in the present case, was whether a second motion for new trial was required after the subsequent judgment was signed. The Corpus Christi court, applying *Miller*, held that a motion for new trial, filed before a corrected judgment is entered, extends the time for filing the appeal bond until 90 days after the date the corrected judgment is entered, as long as the substance of the motion is such as could be properly raised with respect to the corrected judgment.

The Waco and El Paso courts of appeal have held that when the trial court modifies a judgment, a second motion for new trial is required to extend the appellate timetable. These courts have held that the determinative question is not whether the motion for new trial has expired by operation of law, but which judgment does the motion for new trial attack. Both courts rely on rule 306c, Tex.R.Civ.P., which provides that:

> No motion for new trial or request for findings of fact and conclusions of law shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the date of signing of the judgment the motion assails.

In *Kitchens v. Kitchens*, 737 S.W.2d 101 (Tex.App.—Waco 1987, no writ), the judgment and divorce decree were signed on August 18, 1986. A motion for new trial was filed August 29, 1986. A subsequent judgment was entered October 21, 1986. Appellant perfected the appeal on November 21, 1986. In dismissing the appeal for want of jurisdiction, the Waco court held:

> We construe the provisions of [rule 329b] for filing a motion for new trial that extend the time for filing security for costs on appeal to mean a motion for new trial assailing the judgment appealed. Since such motion was not filed in our case, the last day for the making of appellant's cash deposit in lieu of bond on appeal was November 20, 1986. The

deposit on November 21st was not timely.

*Kitchens,* 737 S.W.2d at 102.

*Kitchens* was cited with approval in *American Home Assurance Co. v. Faglie,* 747 S.W.2d 5 (Tex.App.—El Paso 1988, writ. denied). The judgment in *Faglie* was signed December 24, 1986 and a motion for new trial filed January 22, 1987. On March 9, 1987, the motion for new trial was overruled, the first judgment vacated, and a second judgment signed. Although filed on March 9, the judgment was signed and entered as of January 9, 1987. Appellant filed a cash deposit in lieu of bond on March 23, 1987. The court dismissed the appeal for want of jurisdiction, holding:

> The extension of time provided for by a motion for new trial relates to a motion for new trial assailing the judgment appealed. The motion for new trial clearly related to the first judgment that was vacated. The cash deposit was more than 30 days after the second judgment was ... signed. This would render it untimely.[2]

*Faglie,* 747 S.W.2d at 6 (citations omitted).

We agree with the Dallas court's holdings in *Miller* and *Solar,* and decline to follow the holdings in *Kitchens* and *Faglie.* We hold that appellant was not required to reassert its motion for new trial after the trial court signed the February 24, 1989 judgment. Even though appellant filed its motion for new trial on January 11, 1989, the substance of the motion is such as can be properly raised with respect to the February 24, 1989 corrected judgment. Tex.R. App.P. 58(a) and (c).

Accordingly, appellant's cash deposit filed May 23, 1989 was timely. Tex.R. App.P. 41(a)(1). Appellee's motion to dismiss is DENIED.

---

**2.** After dismissing the appeal, the court accepted a supplemental transcript containing a judgment nunc pro tunc that corrected the date of the judgment to March 9, 1987. Appellant's cash deposit was thus timely paid to perfect the appeal, and the appeal was reinstated.