IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-535-CV





JIMMY R. WALKER,



 APPELLANT


vs.





PATRICIA THIBEAU,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT



NO. 493,413, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





PER CURIAM


 Appellant Jimmy R. Walker seeks to appeal from an amended judgment and order
clarifying a divorce decree rendered by the district court of Travis County. Walker has filed a
motion by which he requests an extension of time to file the statement of facts; appellee Patricia
Thibeau has filed a response and a motion to dismiss. We will dismiss the appeal.

 The district court of Travis County signed a judgment in the underlying cause on
August 8, 1991. Walker filed a timely motion for new trial on August 14, 1991. Tex. R. Civ.
P. Ann. 329b(a) (Supp. 1991). On September 9, 1991, the district court signed both an order
overruling the motion for new trial and an amended judgment. Walker filed his cost bond on
appeal on September 24, 1991. The transcript was filed in this Court on December 5, 1991; the
statement of facts was received on December 16, 1991.

 Because the district court signed the amended judgment within the period of its
plenary power, the appellate timetable runs from September 9th. Tex. R. Civ. P. Ann. 329b(e),
(h) (Supp. 1991); Miller v. Hernandez, 708 S.W.2d 25, 26 (Tex. App. 1986, no writ). The
question presented here is whether the motion for new trial, filed on August 14, 1991, extends
the period for filing the record to one hundred twenty days after the amended judgment was
signed. See Tex. R. App. P. Ann. 54(a) (Pamph. 1991). If so, the transcript and statement of
facts were due to be filed in this Court no later than January 8, 1992.

 We conclude that the motion for new trial did not extend the period within which
to file the record. Appellate courts have determined that a motion for new trial filed before
issuance of an amended judgment may be considered a premature motion and, therefore, extends
the appellate deadlines. Syn-Labs, Inc. v. Franz, 778 S.W.2d 202 (Tex. App. 1989, no writ);
Miller, 708 S.W.2d at 27; see Tex. R. Civ. P. Ann. 306c (Supp. 1991); Tex. R. App. P. Ann.
58 (Pamph. 1991). But see Kitchens v. Kitchens, 737 S.W.2d 101 (Tex. App. 1987, no writ). 
The dispositive question is whether the motion for new trial was a live pleading at the time of
signing of the amended judgment. Syn-Labs, Inc., 778 S.W. 2d at 204; A.G. Solar & Co., Inc.
v. Nordyke, 744 S.W.2d 646 (Tex. App. 1988, no writ).

 In the instant cause, the district court signed both the order overruling the motion
for new trial and the amended judgment on September 9, 1991. (1) Neither document refers to the
other. The only indications as to the order in which the district court acted are the docket sheet
entries and the order of the documents in the transcript. The docket sheet lists:  (1) the order
overruling the motion for new trial; (2) the order fixing amount of supersedeas bond; and (3) the
amended judgment and order clarifying decree. The filing of the documents in the minutes of the
court and the transcript follows the listing on the docket sheet. From the above, we conclude that
the motion for new trial had been overruled and was not a live pleading at the time the district
court signed the amended judgment. Accordingly, Walker had until November 12, 1991, to file
the record on appeal and until November 27, 1991, to file a motion for extension of time to file
the record on appeal. Tex. R. App. P. Ann. 54(a), (c) (Pamph. 1991).

 Because the transcript was received on December 5, 1991, and was untimely, this
Court was without jurisdiction to file it. Similarly, we have no jurisdiction to consider Walker's
untimely motion to file the statement of facts. Forest Lane Porsche-Audi Assoc. v. Defries, 730
S.W.2d 80, 82 (Tex. App. 1987, no writ); see B.D. Click v. Safari Drilling Co., 638 S.W.2d
860, 862 (Tex. 1982). We dismiss the motion for extension of time to file the statement of facts.

 This Court may dismiss an appeal for failure to file the record within the designated
time. Rule 54(a). Because neither the transcript nor statement of facts was timely filed, we grant
Thibeau's motion to dismiss and dismiss the appeal.


[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Appeal Dismissed on Appellee's Motion

Filed: January 29, 1992

[Do Not Publish]

1.  On that day, the district court also signed an order fixing amount of supersedeas bond. This
order refers only to the judgment rendered on August 8, 1991.