TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00456-CV

William Anthony Johnston, Appellant

v.

Edward F. Romano III, Mark B. Myers and Karen Myers, Appellees

FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT

NO. 95-0663-F, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

PER CURIAM

 The first judgment in the underlying cause was signed February 12, 1996. Appellees
Edward F. Romano III, Mark B. Myers, and Karen Myers filed a motion to modify the judgment on
March 7, 1996. The motion was granted by a second judgment signed on April 11, 1995. Appellant
William Anthony Johnston posted a cash deposit on June 19, 1996.

 An appellant must ordinarily perfect an appeal within thirty days of the date the judgment
was signed. Tex. R. Ap. P. 41(a). However, if a motion for new trial or a motion to modify is timely filed,
the time within which to appeal is extended to ninety days. Id. Authority exists for holding that a motion
for a new trial or motion to modify a judgment can extend the appellate timetable even after a second
judgment is signed. See, e.g., Tex. R. App. P. 58; Syn-Labs, Inc. v. Franz, 778 S.W.2d 202, 205 (Tex.
App.--Houston [1st Dist.] 1989, no writ). However, the timetable is usually extended only if the substance
of the motion relating to the first judgment could properly be raised with respect to the second judgment. 
Dunn v. City of Tyler, 848 S.W.2d 305, 306 (Tex. App.--Eastland 1993, no writ). Since appellee's
motion to modify was actually granted by the trial court, the motion does not assail the second judgment. 
Therefore, the appellant timetable was not extended after the second judgment was signed and appellant's
cash deposit should have been filed by May 19, 1996.

 The Clerk of this Court advised Johnston that it could not file the tendered transcript since
the appeal did not seem to be timely and invited Johnston to file a motion to continue the appeal by
September 3, 1996. Johnston has not filed a motion to continue. On the record before us, we have no
jurisdiction.

 We dismiss the appeal for want of jurisdiction. Tex. R. App. P. 60(a)(2).

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Appeal Dismissed for Want of Jurisdiction

Filed: February 27, 1997

Do Not Publish