**Robinetta WILKINS, Appellant,**

v.

**METHODIST HEALTH CARE SYSTEM and the Methodist Hospital, Collectively d/b/a the Methodist Health Care System, Inc., Appellees.**

No. 14–02–00883–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 12, 2003.

Rehearing Overruled July 10, 2003.

Jamie Annette Penton, Roy Alan Camberg, Houston, for appellant.

Oscar Luis Delarosa, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and EDELMAN.

## OPINION

SCOTT BRISTER, Chief Justice.

Robinetta Wilkins sued Methodist Health Care System ("the System"), owner of Methodist Hospital ("the Hospital") in Houston, alleging personal injuries caused by the temporary loss of a surgical instrument in her abdomen during her gall bladder surgery. One year after the case was filed and long after limitations had expired, the System objected that it was not the proper defendant but the Hospital was. Wilkins amended her petition to name both, and sent it by mail to the System's attorney of record. She did not request any new citation.

The trial court granted summary judgment for the System (because it was not her health care provider), and dismissed without prejudice claims against the Hospital (because it was never served). Wilkins filed a motion for new trial making new arguments and attaching additional proof. In a comprehensive and detailed order, the trial judge granted the motion for new trial, expressly took into consideration the new arguments and proof, and then entered the same judgment as before. Wilkins filed nothing further until her notice of appeal ninety days later.

This appeal raises two issues: whether a second citation was required before final judgment, or a second notice of appeal was required after it. Because the Texas appellate rules appear to be more forgiving than the rules of civil procedure, we believe a second notice of appeal was not necessary but a second citation was. Accordingly, we have jurisdiction to entertain the appeal, but affirm.

## Was a Second Notice of Appeal Needed?

■ The System argues we have no jurisdiction because Wilkins's only motion for new trial was filed before the final judgment rather than after it, and thus did not extend the appellate deadlines.[1] Generally, a premature motion for new trial extends the appellate timetables.[2] If a trial court modifies a judgment after one

---

1. See TEX.R.APP. P. 26.1 (providing notice of appeal must be filed within 30 days after judgment is signed, extended to 90 days if timely motion for new trial is filed).

2. See TEX.R.APP. P. 27.2; TEX.R. CIV. P. 306(c).

motion for new trial has been filed, a second motion is not needed to extend the deadlines if the first motion "assails" the modified judgment.[3] A motion assails a later judgment if some of the points in the earlier motion still apply to the later judgment.[4] By attacking the trial court's final disposition (which was the same in both judgments), Wilkins's motion qualifies.

The System contends an exception applies here because the trial court *granted* Wilkins's motion for new trial.[5] In *Harris County Hospital District v. Estrada,* our sister court held a premature motion for new trial extends appellate deadlines even if it has been overruled, but suggested a different rule might apply if all relief sought in the motion had been granted.[6] Assuming this exception is correct (which we need not decide), it does not apply here because the trial court did not grant all relief requested by Wilkins. While the trial court granted her request to consider additional evidence, her request to continue the suit against the Hospital was denied. Thus, Wilkins's motion did "assail" the subsequent judgment, thereby extending the appellate timetables and rendering her notice of appeal timely.[7]

### Was a Second Citation Needed?

■ Wilkins filed suit on June 21, 2000 (shortly before limitations expired), naming "Methodist Health Care System d/b/a Methodist Hospital System" as defendant, and serving citation on the System. The System answered with a general denial and 25 defenses, many of which appear to be form objections very unlikely to have anything to do with the facts of this case.[8] What the answer did *not* include was any complaint that the wrong party had been served or that the alleged assumed name was incorrect.

The trial court's joinder deadline came and went. In its responses to Wilkins's

---

3. *See* TEX.R. CIV. P. 306c (providing "[n]o motion for new trial ... shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails"); *Nuchia v. Woodruff,* 956 S.W.2d 612, 614–15 (Tex.App.-Houston [14th Dist] 1997, pet. denied) (holding motion for new trial extended appellate timetable even though it was directed at interlocutory judgment that did not become final until five months later when remaining counterclaims were dismissed); *see also Gunnels v. City of Brownfield,* No. 07–02–0121–CV, 2002 WL 825567, — S.W.3d — (Tex.App.-Amarillo May 1, 2002, no pet.).

4. *See Nuchia,* 956 S.W.2d at 614.

5. The System also argues Wilkins is requesting an advisory opinion because the Hospital was never properly joined. But that is precisely the issue the trial court decided and from which she appeals; because that issue is dispositive, it is not advisory in the least. By filing her notice of appeal, Wilkins invoked our jurisdiction "over all parties to the trial court's judgment." *See* TEX.R.APP. P. 25.1(b). That includes parties dismissed.

6. 831 S.W.2d 876, 879–80 (Tex.App.-Houston [1st Dist] 1992, no writ). *But cf. A.G. Solar & Co. v. Nordyke,* 744 S.W.2d 646, 647–48 (Tex. App.-Dallas 1988, no writ) (requiring "live" motion to extend deadlines), *disapproved on other grounds, Fredonia State Bank v. Gen. Am. Life Ins. Co.,* 881 S.W.2d 279, 282 & n. 2 (Tex.1994) (holding "live" motion not required to preserve error, without addressing appellate timetables).

7. Wilkins has requested permission to supplement the record with a second motion for new trial she asserts she filed after the second judgment issued. Although we initially granted this request, our determination that the original motion assails the latter judgment makes the supplementation of the second motion a moot point.

8. Including "acts of God," "unavoidable accident," and contributory negligence (though a surgical instrument was lost in the plaintiff's abdomen).

requests for disclosure, the System represented:

- the correct names of the parties to the lawsuit were "Robinetta Wilkins" and "The Methodist Health Care System";
- it had "no responsive information" as to the names of potential parties; and
- there were no applicable insurance agreements, as the Hospital (not the System) was self-insured.

After being compelled by order of the trial court, the System made extensive responses to Wilkins's interrogatories and requests for production concerning, among other things:

- policies applicable to "your operating rooms" in effect at the time of the surgery;
- documents concerning the incident; and
- names, addresses, and phone numbers of every doctor, nurse, technician, and assistant participating in the surgery or providing treatment after it.

Finally, on the pleadings cut-off date (July 10, 2001), the System filed an amended answer adding its 26th defense—that Wilkins had sued the wrong entity by suing the System rather than the Hospital. But there was no verified denial, so the System may have remained liable for the surgery.[9] That defect was finally remedied eight months later, when the System added a verified denial of standing, capacity, defect of parties, and assumed name.

Wilkins's only response to these developments was to amend her petition to name as defendants "Methodist Health Care System and the Methodist Hospital, doing business collectively as the Methodist Health Care System, Inc." The amendment was served by certified mail on all attorneys of record. It is undisputed that no citation was issued and served with the amended petition on the Hospital's registered agent (the same person as the System's registered agent).

In this appeal, Wilkins contends the trial court misapplied the doctrines of misnomer and misidentification, and erred in failing to take judicial notice of the System's assumed names.[10] As in many other cases, arguments could be made whether this is a case of misnomer, misidentification, or assumed name, but the parties have not presented those arguments here. Although Wilkins relied on assumed name below, she has abandoned that argument on appeal, never citing Rule 28,[11] and mentioning assumed names only to support her claims regarding misidentification. Similarly, the System's sole argument on appeal (as well as in its motion below) is that misidentified parties must be served with citation, and the Hospital never was.[12]

---

9. See TEX.R. CIV. P. 93(2), (4), & (14); see also CHCA E. Houston, L.P. v. Henderson, 99 S.W.3d 630, 632–33 (Tex.App.-Houston [14th Dist.] 2003, no pet. h.) (discussing whether misidentification raises a question of capacity or defect of parties).

10. See Chilkewitz v. Hyson, 22 S.W.3d 825, 828 (Tex.1999) (holding rule providing for suit in assumed name was separate from doctrines of misidentification and misnomer).

11. See TEX.R. CIV. P. 28 (providing for suits in assumed name).

12. The System also argues the failure to serve the Hospital resulted in a nonsuit. See Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230, 232 (Tex.1962) (holding order of summary judgment was final as it disposed of all served defendants and impliedly nonsuited unserved defendant). It is unclear whether Youngstown survives Lehmann v. Har–Con Corp., 39 S.W.3d 191, 205 (Tex.2001) (holding order that does not follow conventional trial on merits is not final unless it actually disposes of every party, or clearly and unequivocally states its finality). But see Rape v. M.O. Dental Lab, 95 S.W.3d 712, 715 (Tex.App.-Fort Worth 2003, pet. filed) (holding Youngstown

Clearly, service of citation after discovery of a mistake is not required in misnomer cases—by definition, the correct defendant has already been served.[13] Nor is service of a second citation required in assumed name cases—again, the correct defendant has already been served, albeit in an assumed name.[14] Conversely, service of a new citation clearly *is* required when two defendants have no business relationship and service has been obtained only on the wrong one.[15]

The question presented is whether new service of citation is required when there is a misidentification between two related entities. We believe it is. Rule 124 provides "In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."[16] Sending the amended petition to a defendant's attorney does not constitute service of citation.[17] Nor did the System's attorney ever agree to accept service or make an appearance on the Hospital's behalf. While the System's responses to discovery clearly required the assistance of Hospital personnel, helping a related corporate entity with discovery responses does not constitute a general appearance in this litigation.

It is true there was some evidence placing this case among those allowing an equitable tolling of limitations due to misidentification. This rule tolls limitations when (1) two separate but related entities (2) use a similar trade name and (3) the correct entity has notice of the suit and is neither misled nor disadvantaged by misdirected service.[18] Here, the System admits it owned the Hospital, so there is no question the two entities were related. While we must disregard the assumed name certificates Wilkins attached for the first time to her appellate brief (which show the Hospital does business under the Systems name, and vice versa),[19] there was other evidence offered that the Hospital and the System used a similar trade name.[20] And

survives *Lehmann*). In any event, *Youngstown* was not a misidentification case, and thus does not address whether new citation is needed.

13. See *Matthews Trucking Co. v. Smith*, 682 S.W.2d 237, 238–39 (Tex.1984).

14. In *Chilkewitz*, the plaintiff sued and served a physician individually, and later (after learning only the physician's professional association was involved in his surgery) amended his petition to name the association as defendant. Citation was not served again. The Supreme Court acknowledged that in suits brought against an assumed name "at some point before judgment, the plaintiff must amend the petition to add the correct legal name of the actual defendant." *See Chilkewitz*, 22 S.W.3d at 829. But new service was not required because "the Association was notified of the suit through its only officer and director, who also did business under the same name." *Id.* at 830.

15. See *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687–88 (Tex.1991) (reversing judgment against entity that was never served, as evidence was not sufficiently clear to indicate its relationship to defendant that was served).

16. See Tex.R. Civ. P. 124.

17. See Tex.R. Civ. P. 21a; *H.L. McRae Co. v. Hooker Constr. Co.*, 579 S.W.2d 62, 64 (Tex. App.-Austin 1979, no writ).

18. See *Chilkewitz*, 22 S.W.3d at 830.

19. See *Mabon Ltd. v. Afri–Carib Enters.*, 29 S.W.3d 291, 301 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (refusing to judicially notice pleadings that were not before trial court).

20. Wilkins attached to her motion for new trial copies of (1) a System newsletter touting the national ranking of the Hospital, (2) the plaintiffs notice letter to the System describ-

it is hard to imagine how the Hospital was either misled or disadvantaged, as many of its employees and agents participated extensively in the discovery process and were already designated to testify at trial.[21]

But assuming limitations was tolled, the question remains—tolled until what? Obviously, until the proper defendant was joined. Absent an appearance, waiver of service, or some other express provision of law, the Texas rules allow such joinder only by service of citation.

Interestingly, in the six misidentification cases in the last 50 years in which the Supreme Court has found the requirements met for equitable tolling of limitations, there is not a single instance in which new service of citation appears to have occurred;[22] in every case the plaintiff merely filed an amended petition without citation or formal service.[23] But in each of those cases, the proper party voluntarily appeared to litigate the limitations issue;[24] citation was unnecessary because there was a general appearance. In this case, the Hospital avoided making such an appearance.

It is hard to justify what happened in this case. The System must have been immediately aware of Wilkins's mistake, but did not point out the error until the last possible moment. There is no suggestion how the Hospital would have been prejudiced by joinder when the System finally objected.[25]

---

ing the occurrence involving Wilkins at the Hospital, and (3) a letter from the Systems risk manager to the surgical instruments manufacturer regarding the incident at the Hospital. *See Chilkewitz*, 22 S.W.3d at 829 (holding association's use of stationery and phone number listing only physician's name was some evidence his name was association's assumed name).

**21.** In addition, the System and the Hospital had the same registered agent, who was the Systems executive vice-president and certainly would have known the nature of their relationship. *See Chilkewitz*, 22 S.W.3d at 830 (holding suit against association was commenced when it was filed in the name of and served on physician, the association's only officer and director).

**22.** Citation did occur in one other case, but the Supreme Court did not apply the equitable tolling rule because the requirements of the rule had not been met. *See Matthews Trucking*, 682 S.W.2d at 238 (holding citation served on proper defendant was barred by limitations as plaintiff failed to present any evidence of business relationship between the two misidentified parties).

**23.** *See Rooke v. Jenson*, 838 S.W.2d 229, 230 (Tex.1992); *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex.1990); *Ealey v. Ins. Co. of N. Am.*, 660 S.W.2d 50, 51–3 (Tex.1983); *Cont'l*

*S. Lines, Inc. v. Hilland*, 528 S.W.2d 828, 829 (Tex.1975); *Price v. Anderson's Estate*, 522 S.W.2d 690, 691–2 (Tex.1975); *Womack Mach. Supply Co. of Houston v. Fannin Bank*, 504 S.W.2d 827, 827 (Tex.1974) (approving in part *Womack Machine Supply Co. of Houston v. Fannin Bank*, 499 S.W.2d 917, 920 (Tex. Civ.App.-Houston [14th Dist.] 1973), *rev'd on other grounds*, 504 S.W.2d 827 (Tex.1974)).

**24.** *See Rooke*, 838 S.W.2d at 229–30; *Parker*, 794 S.W.2d at 4; *Hilland*, 528 S.W.2d at 829; *Price*, 522 S.W.2d at 691. In *Ealey* and *Womack*, the misidentified party was a plaintiff, and thus citation was not an issue.

**25.** The System asserts in passing that the Hospital would have been prejudiced because it never could have been joined before limitations ran. But this misses the point of tolling limitations; as long as the System was diligently served (which it does not deny), the effect of equitable tolling is that service of a corrected petition and citation on the Hospital would have related back to the original filing date. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990) (holding service relates back to filing date if service is diligent); *Montgomery First Corp. v. Caprock Inv. Corp.*, 89 S.W.3d 179, 183 n. 3. (Tex.App.-Eastland 2002, no pet.) (holding service on correct party relates back to filing date against misidentified party).

Moreover, it is hard to see what citation adds in these circumstances. Equitable tolling never applies unless the correct defendant got notice of the suit, was not misled, and suffered no prejudice from the original error. And by filing a verified objection, the wrong affiliate has insisted that the right affiliate be added.

It appears the federal courts are headed in the direction of not requiring a new citation.[26] A similar change has already occurred in Texas assumed name cases, which formerly "tolled limitations" (suggesting new citation was necessary),[27] but now clearly do not require new citation.[28]

Further, assumed name and misidentification cases frequently overlap—that is, the misidentified defendant bears an assumed name recognized by the public.[29] It is somewhat anomalous in these overlapping cases that citation appears to be required if pleaded as misidentification, but not required if pleaded as an assumed name.[30]

But it is not the role of this court to amend rule 124 or add equitable exceptions to existing precedent.[31] Accordingly, we affirm the trial court's dismissal of claims against the Hospital.

**Remaining Issues**

The parties' remaining issues can be addressed briefly. Wilkins admits in her brief the System was the wrong defendant. Accordingly, the summary judgment favoring the System was properly granted and is affirmed.[32]

 Wilkins also claims the trial court should have taken judicial notice of the state's assumed name records. Although certified copies of those records were readily available,[33] Wilkin's attorney offered only affidavit testimony as to what the secretary of state's office reported in telephone conversations. The trial court was not required to take judicial notice of this hearsay.[34]

**26.** See, e.g., Johnson v. Goldstein, 850 F.Supp. 327, 329–30 (E.D.Pa.1994) (noting that "a growing number of courts and commentators" would find proper service under Federal Rule of Civil Procedure 15(c) when "a party who has some reason to expect his potential involvement hears of the commencement of litigation through some informal means" such as "when there is a close relationship between the original party and the party to be added.").

**27.** See Bailey v. Vanscot Concrete Co., 894 S.W.2d 757, 759 (Tex.1995). Interestingly, though, the Bailey court noted the "key distinction" between that case and other misidentification cases was Bailey's failure to amend his petition to name the correct party; Bailey's failure to serve citation is not mentioned. See id. at 760–61.

**28.** See Chilkewitz, 22 S.W.3d at 830.

**29.** See id. at 827 (noting plaintiff sued "Morton Hyson, M.D.," when true defendant was "Morton Hyson, M.D., P.A."); Parker, 794

S.W.2d at 6 (noting plaintiff sued "Lone Star Gas Company of Texas, Inc." when true defendant was "Enserch Corporation d/b/a Lone Star Gas Company"); Hilland, 528 S.W.2d at 829 (noting plaintiff sued "Continental Trailways, Inc.," when true defendant "Continental Southern Lines, Inc." used trade name "Continental Trailways").

**30.** See Chilkewitz, 22 S.W.3d at 830.

**31.** See Lubbock County, Texas v. Trammel's Lubbock Bail Bonds, 80 S.W.3d 580, 585 (Tex. 2002).

**32.** Furthermore, Wilkins does not argue on appeal and did not allege in the trial court any doctrine that could make the parent corporation, the System, responsible for the liabilities of its subsidiary, the Hospital.

**33.** See TEX. BUS. & COM.CODE § 36.15.

**34.** See TEX.R. EVID. 201, 801, 802; Robinson v. Warner–Lambert, 998 S.W.2d 407, 412 (Tex. App.-Waco 1999, no pet.).

The System argues the Medical Liability Act bars equitable tolling in health care liability cases,[35] a question the Supreme Court has noted but not decided.[36] Because this argument was not included in its summary judgment motion, we cannot address it.[37]

For the reasons set forth above, we hold the trial court did not err in granting summary judgment favoring the System or in dismissing the claims against the Hospital. The judgment of the trial court is affirmed.

---

35. *See* Tex.R. Civ. Stat. art. 4590i, § 10.01.

36. *See Chilkewitz,* 22 S.W.3d at 830.

37. *See Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 204 (Tex.2002).