NUMBER 13-03-0093-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




SOUTH TEXAS GMAC REAL ESTATE,                                 Appellant,

v.

COHYCO, INC.,                                                                 Appellee.




On appeal from the 138th District Court
of Cameron County, Texas.




O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo
Opinion by Justice Castillo

            This is a breach-of-contract case. Appellant South Texas GMAC Real Estate
(“GMAC”) challenges the trial court’s summary judgment in favor of Cohyco, Inc.,
appellee (“Cohyco”). We dismiss for lack of jurisdiction. 

 I. RELEVANT FACTS AND PROCEDURAL HISTORY
         On February 27, 2002, GMAC sued Cohyco to recover a real estate
commission, claiming breach of contract and entitlement to attorney fees. On May 7,
2002, Cohyco filed a motion for summary judgment on GMAC’s breach-of-contract
claim. On June 19, 2002, GMAC amended its pleadings to allege other contract
breaches, fraud, and quantum meruit in addition to seeking recovery of the real estate
commission and attorney fees. The parties exchanged summary-judgment materials. 
The trial court signed a judgment on October 3, 2002 that discharged Cohyco “from
any and all liability to Plaintiff South Texas GMAC Real Estate for breach of contract”
(the “First Summary Judgment Order”).


 
         Also on October 3, 2002, Cohyco filed a second motion for summary judgment
addressing GMAC’s newly alleged breach of contract, fraud, and quantum-meruit
claims. On November 1, 2002, GMAC filed a motion for reconsideration of the First
Summary Judgment Order and a motion for new trial. Both motions urged that
GMAC’s timely amended pleading alleged new contract breaches and asserted
additional causes of action not addressed by Cohyco’s summary-judgment motion.


 
 
         GMAC responded to Cohyco’s second motion for summary judgment on
November 5, 2002, and the parties exchanged additional summary-judgment materials. 
The trial court overruled GMAC’s motion to reconsider on November 22, 2002.


 That
same day, the trial court signed a “Final Judgment” that recited:
On the date of the signing of this judgment, Defendant’s Second
Motion for Summary Judgment came on for hearing and the Court being
of the opinion that said Motion should be granted and the Court having
previously granted Defendant summary judgment on Plaintiff’s breach of
contract claims, it is ACCORDINGLY,
 
ORDERED, ADJUDGED and DECREED that Defendant’s Second
motion for Summary Judgment is hereby in all things granted and that
based thereon, and based on the Court’s previous granting of
Defendant’s original Motion for Summary Judgment, that Plaintiff,
SOUTH TEXAS GMAC REAL ESTATE, take nothing on any and all claims
asserted herein by it against Defendant, COHYCO, INC., and that
Defendant, COHYCO, INC., is hereby discharged from any and all liability
to Plaintiff, SOUTH TEXAS GMAC REAL ESTATE. 
 
It is further ordered that any and all court costs accrued herein
shall be paid by Plaintiff, SOUTH TEXAS GMAC REAL ESTATE, and that
any relief requested in this cause which is not hereby granted is hereby
expressly denied. 

         Seventy-six days later, on February 6, 2003, GMAC filed its notice of appeal. 
This appeal ensued. Cohyco moves for dismissal, claiming that GMAC’s notice of
appeal was untimely because it was filed more than thirty days after the trial court
signed the Final Judgment incorporating the First Summary Judgment Order. GMAC
counters that we must consider its motion for new trial as prematurely filed, arguing
that the motion for new trial operates to extend its time for filing a notice of appeal
from the Final Judgment. 
II. JURISDICTION
         A motion for new trial “shall be filed prior to or within thirty days after the
judgment or other order complained of is signed.” Tex. R. Civ. P. 329b(a). Rule 306c
directs that a motion for new trial filed before judgment “shall be deemed to have been
filed on the date of but subsequent to the time of signing of the judgment the motion
assails . . . .” Tex. R. Civ. P. 306c. Further, rule 27.2 of the rules of appellate
procedure permits appellate courts to “treat actions taken before an appealable order
is signed as relating to an appeal of that order and give them effect as if they had been
taken after the order was signed.” Tex. R. App. P. 27.2. Premature-filing rules prevent
the procedural trap that otherwise could occur if a party prematurely
filed a motion intended to assail a final judgment. Padilla v. LaFrance,
907 S.W.2d 454, 458 (Tex. 1995). We construe premature-filing rules liberally in
favor of the right to appeal. Miller v. Hernandez, 708 S.W.2d 25, 27 (Tex.
App.–Dallas 1986, no writ); see Nuchia v. Woodruff, 956 S.W.2d 612, 614-15 (Tex.
App.–Houston [14th Dist.] 1997, pet. denied) (holding that motion for new trial
extended appellate timetable even though directed at interlocutory judgment that did
not become final until court dismissed remaining counterclaims five months later); see
also Harris County Hosp. Dist. v. Estrada, 831 S.W.2d 876, 878-79 (Tex.
App.–Houston [1st Dist.] 1992, no writ) (op. on reh’g); Syn-Labs, Inc. v. Franz,
778 S.W.2d 202, 205 (Tex. App.–Houston [1st Dist.] 1989, no writ) (per curiam); cf.
Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 280-82 (Tex. 1994)
(holding that motion for new trial filed after original judgment, but before amended
judgment, was sufficient to preserve factual-insufficiency points). 
         Thus, a premature motion for new trial may extend the appellate timetable. 
Wilkins v. Methodist Health Care Sys.,108 S.W.3d 565, 567-68 (Tex. App.–Houston
[14th Dist.] 2003, pet. filed). Permitting premature filings to extend deadlines
eliminates “jurisdictional pitfalls that result in dismissals on technical grounds.” Miller,
708 S.W.2d at 27. However, even liberal application of premature-filing rules carries
a significant limitation. If a trial court modifies a judgment after a motion for new trial
has been filed, a second motion is still needed to extend the deadlines if the first
motion does not “assail” the modified judgment. See Wilkins,108 S.W.3d at 567; see
also Fredonia State Bank, 881 S.W.2d at 281 (concluding that motion for new trial
relating to earlier judgment may be considered applicable to second judgment under
rule 58(c) when substance of motion could properly be raised with respect to corrected
judgment); A.G. Solar & Co. v. Nordyke, 744 S.W.2d 646, 647 (Tex. App.–Dallas
1988, no writ) (holding that premature notice of appeal that has been disposed of can
no longer “assail” subsequent judgment). 
         Here, GMAC sought reconsideration of the First Summary Judgment Order and
a new trial only on the basis that it had amended its pleadings to allege additional
breaches and causes of action, claims that Cohyco’s first motion for summary
judgment had not addressed. The trial court signed the Final Judgment only after
Cohyco filed a second motion for summary judgment on the additional breaches and
causes of action raised by GMAC in its amended pleading. Therefore, we read GMAC’s
motion for reconsideration and its motion for new trial as challenging only the First
Summary Judgment Order, not the Final Judgment. We find that GMAC’s motion for
new trial does not “assail” the Final Judgment. See Wilkins,108 S.W.3d at 567. 
Accordingly, we also find that GMAC’s motion for new trial did not extend GMAC’s
deadline for filing a notice of appeal. We hold that GMAC’s notice of appeal, filed
seventy-six days after the trial court signed the Final Judgment, was untimely. See
Tex. R. App. P. 26.1 (providing that notice of appeal must be filed within thirty days
after judgment is signed, extended to ninety days if timely motion for new trial is filed). 
 III. CONCLUSION
         We dismiss this appeal for want of jurisdiction. See Foster v. Williams,
74 S.W.3d 200, 204 (Tex. App.–Texarkana 2002, pet. denied). We deny Cohyco’s
motion to dismiss as moot. See Coinmach, Inc. v. Aspenwood Apt. Corp.,
98 S.W.3d 377, 382 (Tex. App.–Houston [1st Dist.] 2003, no pet.). 


 
                                                                        ERRLINDA CASTILLO
                                                                        Justice

Opinion delivered and filed
this 12th day of December, 2003.