C. R. SEARCY, Appellant

v.

Robert R. BROWN, Appellee.

No. 17662.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 9, 1980.

Faubion, Brady & Thornton, Marcus E. Faubion, Houston, for appellant.

Pena, McDonald, Prestia & Zipp, Edinburg, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

C. R. Searcy, plaintiff, appeals from a take nothing judgment entered in favor of Robert R. Brown, defendant. Searcy brought suit against Brown for injuries sustained as a result of an attack upon Searcy by three German Shepherd dogs owned by Brown. Findings of fact and conclusions of law were filed by the court following a trial on the merits. The judgment will be affirmed.

The trial court found that Searcy went onto the defendant's private property without invitation; that the property was not open to the public; that the defendant owned three German Shepherd dogs; that the dogs were not running at large; that the dogs were not vicious; that the dogs remained within defendant's private property; that the entrance to the property was clearly marked with warning signs; and that the attack by the dogs occurred on the private property of the defendant.

The trial court concluded as a matter of law that the defendant owed no duty to the plaintiff at the time and on the occasion in question; that the defendant was not guilty of negligence which occasioned any injury to the plaintiff; that the defendant was not in violation of any provision of the code of ordinances of the City of Houston; that the plaintiff suffered no damage proximately caused by any act of omission or commission on the part of the defendant; that the plaintiff assumed any and all risk when he entered the property of the defendant at the time and on the occasion in question; that the plaintiff was negligent in entering upon the property of the defendant at the time and on the occasion in question; and that the plaintiff should not recover judgment against the defendant.

Searcy testified that he drove onto Brown's property with the intention of discussing the possible purchase of the property. At that time a sign on the premises which was visible from the road stated that the property was for sale and displayed the defendant's telephone number. Searcy testified that he had stopped his car on the defendant's property and walked about ten steps when he was attacked by three dogs. As a result of this attack Searcy sustained injuries which were treated by a physician.

Brown admitted that he owned the dogs in question, but testified that the dogs had never bitten anyone else. He testified that at the time of the attack his property was not open to the public in any way. He further testified that the entrance to his property was posted at that time with two signs reading "Do not enter–Closed" and six signs reading "Beware of Dog." Searcy testified that he did not see these signs. Searcy testified that he had been on the property one time before discussing a possible trade of the defendant's property for property owned by the plaintiff. He testified that one dog was loose on the property at the time of this meeting.

The plaintiff asserted alternate causes of action: first, that appellee had wrongfully

and intentionally allowed the dogs to run at large in violation of Section 6–56(a) of the Code of Ordinances of the City of Houston, and that such violation constituted negligence per se which "directly and proximately resulted in the attack of the dogs on plaintiff." The other cause of action was based on ordinary negligence.

Section 6–56(a), supra, provides:

Running at large prohibited

(a) *Generally* it shall be unlawful for any person owning or having in his possession any dog to allow such dog to be at large without the owner or person in charge thereof having direct physical control over such dog. An owner or person having in his possession a dog may allow the dog to be at large on property that does not provide the animal with access to a sidewalk or street.

The record reflects that the dogs were running freely over the defendant's tract of land. Brown testified that the front of the lot along Almeda–Genoa Road was bounded only by a two or three foot ditch containing water. He felt this constituted an effective barrier for the dogs. He also testified that two roads lead onto the property. They were equipped with gates, but one of the two gates was left open at all times and was open at the time of the incident.

A number of cases are found construing statutes which prohibits persons from permitting or allowing domestic animals from "running at large", See Annot: Animals At Large–Owner's Liability, 34 A.L.R.2d 1285 (1954). In *Schumacher v. City of Caldwell*, 146 Tex. 265, 206 S.W.2d 243 (1947) the court construed a city ordinance that provided: ". . . that it shall not be lawful for any . . . cattle to run at large in the City of Caldwell and all such animals found running at large within the corporate limits of the City of Caldwell shall be subject to be impounded, . . . ." The court held that if an owner violated the city ordinance by permitting his cattle to run at large then the city would be liable for the cows death only for gross negligence. If the cow es-

caped from the owner's premises through no fault of his and was killed on account of the city's negligence, then the city would be liable for failure to use ordinary care to prevent injury to the cow. The court cited other cases with approval holding that where cattle escape from an owner's enclosure through no negligence on his part, he was not guilty of any violation of the stock law prohibiting animals from running at large. The *Schumacher* case was followed by this court in *Lightsey v. Radtke*, 219 S.W.2d 841 (Tex.Civ.App.–Galveston 1949, no writ).

The meaning of the words "running at large" found in a city ordinance forbidding animals running at large is set out in *Ellis v. Lewis*, 142 S.W.2d 294 (Tex.Civ.App.–El Paso 1940, no writ). There the court said:

" 'We think an animal is running at large' " within the meaning of the ordinance, when off the premises of its custodian within the city limits with the consent or acquiescence of such custodian, or by reason of such custodian's negligence, when it is not under the immediate control of anyone."

In *Perkins v. Hattery*, 106 Ohio App. 361, 155 N.E.2d 73 (1958) the court said that a dog on its master's premises is not a vagrant and is generally held not to be running at large.

The question arises as to whether the provisions of the City of Houston ordinance should be construed so as to make it unlawful for a person to allow his dog to roam at will over his own premises where there is free access to a sidewalk or street. The ordinance generally prohibits any person from allowing a dog to be "at large" without the person in charge of the dog having direct physical control over it. An exception to the general rule is created when a dog is allowed to be "at large" on property that does not provide the animal with access to a sidewalk or street. The exception does not enlarge the general prohibition. It would not be unlawful for an owner to allow a dog to roam at will on property not

owned, if that property had no access to a sidewalk or street. The trial court's finding that the dogs were not running at large supported the judgment rendered. The court made conclusions of law that the defendant owed no duty to the plaintiff at the time and on the occasion in question. This conclusion was based on the findings of fact that the plaintiff went on the defendant's private property without an invitation; that the dogs were not vicious; that the entrance to the defendant's property was clearly marked with warning signs; and that the attack by the dogs upon the plaintiff occurred on the private property of the defendant.

■ The owner of a dog is not liable for injuries caused by it, unless it is vicious and knowledge or constructive notice of that fact is shown or brought home to the owner. It is necessary in such cases to show, by the evidence, that the owner of the dog either knew of its disposition to injure persons or property or that he had knowledge of facts which would put a person of ordinary prudence on notice that permitting his dog to run at large might result in assaults or depredations by the dog and consequent injury to others. *Lewis v. Great Southwestern Corporation*, 473 S.W.2d 228 (Tex.Civ.App.–Fort Worth 1971, writ ref'd n. r. e.). In that case the court said: "... the record does not show any breach of a legal duty. The owner of a domestic animal is not liable for injuries caused by it in a place where it has a right to be, unless the animal is of known vicious propensities or the owner should know of the vicious or unruly nature of the animal."

■ If the plaintiff was on the premises as an invitee, it was the defendant's duty to exercise ordinary care to keep his premises in a reasonably safe condition, so that the plaintiff would not be injured; on the other hand, if the plaintiff was on the premises merely as a licensee, the only duty that the defendant owed him was not to injure him willfully, wantonly or through gross negli-

gence. *Carlisle v. J. Weingarten, Inc.*, 152 S.W.2d 1073 (Tex.1941); *City of Houston v. Riggins*, 568 S.W.2d 188 (Tex.Civ.App.–Tyler 1978, writ ref'd n. r. e.).

■ The evidence supports the finding of the trial court that the dogs were not vicious. The evidence also supports the finding that the plaintiff was a mere licensee. Since the defendant did not know that the dogs were vicious, there was no duty at common law to either warn the licensee or to make the conditions safe. *City of Houston v. Riggins*, supra; *Sun Oil Company v. Massey*, 594 S.W.2d 125 (Tex.Civ.App.–Houston [1st Dist.] 1979 writ ref'd n. r. e.). See *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.1978).

■ The courts will not adopt a statute as a standard for negligence unless one of the purposes of the statute is to protect the class of persons to whom the injured party belongs from the hazard involved in the particular case. *Carter v. William Summerville and Son*, 584 S.W.2d 274 (Tex. 1979). One of the purposes of the Houston City Ordinance was to protect the general public from the hazard of an attack by dogs. If the ordinance should be construed as designed to protect the general public having the status of licensees on the premises owned by the defendant from the hazard of attack by dogs, the defendant is negligent per se.

■ A finding of negligence per se only subjects the defendant to possible liability; it does not establish liability. A showing is required that such negligence was a proximate cause of the injury or damages sustained. *Alpine Telephone Corporation v. McCall*, 143 Tex. 355, 184 S.W.2d 830 (1944).

■ Two elements must be present in order to establish proximate cause: (1) cause in fact, and (2) foreseeability. Cause in fact means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred. Foresee-

ability is satisfied by showing that the actor as a person of ordinary intelligence should have anticipated the danger to others by his negligent act. It is not required that the actor anticipate just how the injuries would grow out of the particular dangerous situation. *Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d 99 (Tex. 1977). The Houston City Ordinance permits a dog to be at large on property that does not provide the animal with access to a sidewalk or street. It also permits a dog to be at large if the person in charge of the dog has direct physical control over it. The purpose of the statute was to require an owner of a dog to maintain physical control over it or to prevent it from roaming the sidewalks or streets. The failure to prevent his dog from roaming the sidewalks or streets was not the cause in fact of the injuries sustained by the plaintiff.

The appellant's points of error are without merit. The judgment of the trial court is affirmed.