**David GILL, Appellant,**

v.

**Rene M. ROSAS, Appellee.**

**No. 08–91–00036–CV.**

Court of Appeals of Texas, El Paso.

Dec. 4, 1991.

John Whitaker, Glen Sutherland, Escobar & Escobar, El Paso, for appellant.

James C. Jones, Grambling & Mounce, El Paso, for appellee.

---

Before OSBORN, C.J., WOODARD, J., and STEPHEN F. PRESLAR, C.J. (Retired), sitting by assignment.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment in favor of the Defendant below. We affirm.

Appellee, by cross-point, moves this Court to dismiss this case for want of jurisdiction. A first summary judgment was signed September 12, 1990. On September 28, a Motion for New Trial was filed. The new trial was granted, but a second summary judgment similar to the first was also granted on the same day, November 5, 1990. Cost bond was filed on December 12, 1990, more than thirty days from the signing of the second judgment, but within ninety days thereof.

Tex.R.App.P. 41(a)(1) requires that the bond or affidavit in lieu thereof shall be filed within thirty days after judgment is signed, or within ninety days after the judgment is signed if a timely Motion for New Trial has been filed by any party. Appellee asserts that because no Motion for New Trial was filed after the second judgment was signed, the Appellant was required to perfect his appeal within thirty days of the second judgment. Appellee cites *American Home Assurance Company v. Faglie*, 747 S.W.2d 5 (Tex.App.—El Paso 1988, writ denied). In that case, a Motion for a New Trial was filed within thirty days of the first judgment. In the then extended ninety day time period that the trial court retained plenary power, the trial court vacated its first judgment and entered another that was inadvertently dated some thirteen days before the date of the first judgment. The cash deposit was not made within thirty days of the signature date of the second judgment filed. The case was then dismissed for want of jurisdiction by this Court with a short opinion. (The date was corrected subsequently by a nunc pro tunc judgment, and the appeal was reinstated). In that case, the Motion for New Trial particularly related to certain decrees of the trial court in the first judgment filed that were not carried forth to the reformed second judgment. The wording of the Motion for a New Trial could only logically be correlated to the first judgment filed. In this case, both the first and second judgments are substantially alike and are based upon the same pleadings of negligence with the same result. The Motion for a New Trial harmonizes with both judgments. The Motion for New Trial filed before the second judgment is treated as a premature document under Tex.R.App.P. 58(a) and (c), and extends the time for filing the appeal under Rule 41(a)(1) to date from the signing of the second judgment. *Syn–Labs, Inc. v. Franz*, 778 S.W.2d 202 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Miller v. Hernandez*, 708 S.W.2d 25 (Tex.App.—Dallas 1986, no writ). The bond filed was timely. The cross-point is overruled.

The chronology of the case at hand is that the Appellant sued the Appellee by petition alleging the Appellee negligently allowed his dog to run at large and attack the postman Appellant. In an affidavit supporting a Motion for Summary Judgment, the Appellee stated that the dog had never exhibited any violent propensities or bitten anyone before. Depositional evidence of the Appellant to the effect that the attack by the small dog occurred on the premises of the Appellee, and that Appellant also knew of no prior attacks by the dog in question, was additionally offered. Summary judgment was entered. Then Appellant filed a Motion for a New Trial specifically emphasizing the El Paso city ordinances that prevent dogs from running at large and require them to be on a leash. On the very same subsequent day, the trial court granted the Motion to Set Aside the Summary Judgment and then entered another summary judgment without further notice.

The owner of a dog is not liable for injuries caused by it, unless it is vicious and knowledge or constructive notice of that fact is shown or brought home to the owner. It is necessary in such cases to show, by the evidence, that the owner of the dog either knew of its disposition to injure per-

sons or property or that he had knowledge of facts which would put a person of ordinary prudence on notice that permitting his dog to run at large might result in assaults or depredations by the dog and consequent injury to others. *Searcy v. Brown*, 607 S.W.2d 937 (Tex.Civ.App.—Houston [1st. Dist.] 1980, no writ). The owner of the premises has a duty to exercise ordinary care to keep his premises in a reasonably safe condition so that an invitee would not be injured. *Id.*

Appellant did not plead negligence per se, but did propose its application under city ordinances in his Motion for New Trial. The trial court's rendering the second summary judgment without allowing the Appellant time to amend his pleadings is error, but under the facts of this case, is harmless error. Even if negligence per se had been properly pleaded, it would not have precluded the granting of a summary judgment. A finding of negligence per se only subjects the defendant to possible liability; it does not establish liability. A showing is required that such negligence was a proximate cause of the injury or damages sustained. Two elements must be present in order to establish proximate cause: (1) cause in fact, and (2) foreseeability. Cause in fact means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred. Foreseeability is satisfied by showing that the actor as a person of ordinary intelligence should have anticipated the danger to others by his negligent act. It is not required that the actor anticipate just how the injuries would grow out of the particular dangerous situation. *Searcy*, 607 S.W.2d at 941, 942. El Paso, Tex., El Paso Municipal Code ch. 7.12, § 7.12.010 (1986) provides an owner must keep his dog on his premises by physical restraint, or on leash, if off premises. In the *Searcy* case, that Court reasoned that the purpose of the statute was to require an owner of a dog to maintain physical control over it or to prevent it from roaming the sidewalks or streets. The failure to prevent his dog from roaming the sidewalks or streets was not the cause in fact of the injuries sustained by the plaintiff. We adopt that reasoning. Failure to enclose the yard was not the cause in fact of the injuries sustained by the Appellant/Plaintiff. In addition, we note that the required knowledge, actual or constructive, of the dogs propensity for violence is a necessarily included factor by law to the element of foreseeability in this type of case.

If a defendant is able to prove that at least one element of the plaintiff's cause is insufficient, then the defendant's summary judgment should be granted. *Manoogian v. Lake Forest Corporation*, 652 S.W.2d 816, 818 (Tex.App.—Austin 1983, writ ref'd n.r.e.). The Appellee/Defendant proved lack of knowledge of the dog's propensity for violence by his affidavit. Tex.R.Civ.P. 166a(c) specifically permits the granting of a motion for summary judgment based on the uncontroverted testimonial evidence of an interested witness if the evidence is (1) clear, positive and direct; (2) otherwise credible and free from contradictions and inconsistencies; and (3) could have been readily controverted. *Republic National Leasing Corporation v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986). The affidavit is in compliance with this rule.

All points of error are overruled. Judgment of the trial court is affirmed.