MEMORANDUM OPINION

No. 04-05-00846-CV

Genevia Bushnell and Deward Raymond (D.R.) BUSHNELL,

Appellants

v.

Janet MOTT,

Appellee

From the 216th District Court, Gillespie County, Texas

Trial Court No. No. 9932

Honorable Stephen B. Ables , Judge Presiding




Opinion by: Alma L. López , Chief Justice



Sitting: Alma L. López , Chief Justice

 Catherine Stone , Justice

 Sarah B. Duncan , Justice



Delivered and Filed: September 13, 2006



AFFIRMED

 In this dog bite case, Genevia Bushnell and her husband, Deward Raymond (D.R.) Bushnell (the Bushnells), appeal from a
take-nothing summary judgment rendered in favor of Janet Mott. We affirm the judgment of the trial court. 





Factual and Procedural Background

 In March of 2001, Genevia began corresponding via email with Janet Mott regarding Mott's purchase of Shaklee products.
(1) On March 18, 2001, Genevia emailed Mott and asked if she could make her delivery that evening. Although the record
does not contain a response from Mott, Genevia claims to have confirmed the delivery with Mott by telephone. Genevia's
son and daughter-in-law drove her to Mott's mobile home in Fredericksburg that evening. Genevia knocked on Mott's front
door and heard dogs barking. When Mott opened the inside door, her three dogs pushed open the screen door and rushed
out. Genevia was attacked by Mott's three dogs and was bitten fifteen times. Genevia claims that Mott did not attempt to
stop the attack, and failed to render aid following the attack. Genevia's son stopped the attack and took her to the
emergency room, where she received over thirty stitches. Genevia also claims that Mott refused to provide her with the
dogs' shot records following the attack. Since the incident, Genevia has had two surgeries for injuries related to the bites. 

 On March 17, 2003, the Bushnells sued Mott, alleging claims of negligence and strict liability. (2) Mott moved for a
no-evidence summary judgment in November 2003, but never set a hearing date. Mott filed an amended no-evidence
motion for summary judgment in December 2003. 

 On July 14, 2005, Mott filed a supplemental motion for summary judgment (traditional and no-evidence) and
simultaneously set the hearing for August 8, 2005. The Bushnells claimed they were not notified of this hearing until July
26, 2005, at which time they asked opposing counsel for a resetting. The hearing was then reset for August 19, 2005. The
Bushnells' counsel claimed he was not notified of the resetting until August 2, 2005. The Bushnells filed their response to
the summary judgment motion, which included supporting affidavits and a motion for leave to file the untimely response
and a motion for continuance, on August 17, 2005, two days before the hearing. Subsequently, on August 19, 2005, the trial
court refused to consider the Bushnells' late-filed response, but postponed hearing oral argument on the summary judgment
motions until September 2, 2005 to give the Bushnells' counsel more time to prepare. On August 24, 2005, nine days
before the September 2, 2005 hearing, the Bushnells filed a supplemental response to the summary judgment motions,
including amended affidavits and a supplemental motion for reconsideration requesting that the trial court reconsider
whether all of the evidence presented in response to the motions should be considered. 

 At the September 2, 2005 hearing, the trial court refused to consider the amended affidavits. After hearing oral argument,
the court took Mott's motion for summary judgment under advisement. Ultimately, the trial court granted the Bushnells'
supplemental motion for reconsideration, but only with respect to Genevia's original affidavit filed on August 17, 2005,
because the trial court concluded good cause had been shown for the late filing of the original affidavit. Nevertheless, the
trial court refused to consider the evidence filed in support of the supplemental response, including Genevia's amended
affidavit, and granted Mott's motion for summary judgment. 

Summary Judgment Standard of Review

 Mott moved for both no-evidence and traditional summary judgment. We apply a de novostandard of review to summary
judgments. Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 156 (Tex. 2004). A traditional motion for summary
judgment is properly granted only when the movant establishes that there are no genuine issues of material fact and that the
movant is entitled to judgment as a matter of law on a ground expressly set forth in the motion. Tex. R. Civ. P. 166a(c);
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of a summary judgment, we
indulge every reasonable inference and resolve any doubts in favor of the non-movant. Nixon, 690 S.W.2d at 549.
Additionally, we assume all evidence favorable to the non-movant as true. Id. at 548-49. A no-evidence summary
judgment is improper if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of
material fact. Tex. R. Civ. P. 166a(i); Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet.
denied). More than a scintilla of evidence exists if it would allow reasonable and fair-minded individuals to differ in their
conclusions. Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of evidence
exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. Id. If the trial
court's judgment does not specify the grounds relied upon for its ruling, we must affirm the judgment if any of the theories
advanced are meritorious. See Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). 

Discussion

 On appeal, the Bushnells argue that the trial court erred in refusing to consider their amended affidavits filed nine days
before the September 2, 2005 hearing. At the August 19, 2005 hearing, the trial court denied the Bushnells' motion for
continuance but postponed oral arguments on the summary judgment motions until September 2, 2005 to give the
Bushnells' counsel more time to prepare his argument. The trial court stated on the record:

 The motion for summary judgment, response to summary judgment, I'm not going to expand the time for you to file
additional motions for summary judgment or for [plaintiffs' counsel] to add anything to his response. He is finished, and
what he attempted to file August 17th, I am not going to consider that, but I am going to give him more time to prepare his
argument on motion for summary judgment. He just came back. He said he hasn't had an opportunity to look through it
and formulate his thoughts, so I'll give you more time on that and give you a date, but no additional filings, and the August
17th attempts at late filing will not be considered by the Court. 

 Mott argues that the September 2, 2005 setting was not a hearing in the sense that there had been no resetting or
continuance, and therefore the trial court did not abuse its discretion in refusing to consider the supplemental response filed
on August 24, 2005. Mott, however, has failed to cite any authority for the proposition that a postponement of oral
argument does not constitute a resetting. 

 Rule 166a(c) provides, "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing
may file and serve opposing affidavits or other written response." Tex. R. Civ. P. 166a(c). Texas courts have interpreted
the rule to mean that a written response to a motion for summary judgment can be filed, without leave of court, on the
seventh day before the hearing or before. See, e.g., Volvo Petroleum, Inc. v. Getty Oil Co., 717 S.W.2d 134, 138 (Tex.
App.--Houston [14th Dist.] 1986, no writ). Any written response or opposing affidavit filed on the seventh day before the
day of the hearing will be deemed timely and may be properly considered without leave of court. See Benger Builders, Inc.
v. Bus. Credit Leasing, Inc., 764 S.W.2d 336, 338 (Tex. App.--Houston [1st Dist.] 1988, writ denied) (holding trial court's
failure to consider a response and supporting affidavits filed in opposition to motion for summary judgment seven days
before the hearing on the motion was error); Allen v. Roddis Lumber & Veneer Co., 796 S.W.2d 758, 761 (Tex.
App.--Corpus Christi 1990, writ denied) (stating that when summary judgment hearing is reset and the nonmovant files an
affidavit seven days prior to new hearing date, the affidavit is timely filed). 

 Assuming without deciding that the trial court erred in refusing to consider the supplemental response submitted nine days
before the summary judgment hearing, see Barry v. Moores, No. B14-91-00884-CV, 1992 WL 110706 (Tex.
App.--Houston [14th Dist.] May 28, 1992, writ denied) (not designated for publication), the Bushnells voluntarily waived
the admission of "ninety-nine percent" of their evidence. The Bushnells' counsel stated on the record that he was
withdrawing ninety-nine percent of the evidence filed on August 17, 2005 and asked only to be permitted to argue the
summary judgment motion on the basis of Genevia's amended affidavit, with her original affidavit attached, filed on August
24, 2005. (3) On appeal, the Bushnells argue that this withdrawal was "conditioned" on the trial court's consideration of the
Bushnells' supplemental response, which included Genevia's amended affidavit. We do not agree, however, that the
withdrawal was conditioned on the trial court's consideration of Genevia's amended affidavit. In view of the Bushnells'
counsel's withdrawal of all the evidence except Genevia's amended affidavit, we will assume for purposes of this opinion
that the trial court erred in failing to consider Genevia's amended affidavit. Such error, however, would be harmless if the
amended affidavit failed to raise a genuine issue of material fact. The Bushnells admitted on the record at the September 2,
2005 hearing that they were no longer pursuing their claim of strict liability. After having withdrawn most of their
evidence, the Bushnells' counsel stated:

 I'm not going to argue the premises liability. (4) I don't think that the plaintiffs have raised a genuine issue of material fact
on that issue today, and I don't intend to stand before you and argue strict liability. As far as I'm concerned, those are
completely out of the question based upon summary judgment record as this court has determined it to be based upon its
ruling to deny [the] motion for reconsideration.



 (Emphasis added). We take counsel's statement as a judicial admission that had the effect of withdrawing the issue of
strict liability from the court's consideration. (5) Counsel's use of the phrase "completely out of the question" is an admission
that the Bushnells lacked the evidence to pursue their claim of strict liability. (6) Thus, the only issue left for consideration is
that of negligent handling. 

 Even though a finding of viciousness is necessary in a strict liability claim, it is not necessary in a negligence claim. See
Marshall v. Ranne, 511 S.W.2d 255, 258 (Tex. 1974) (holding owner of domestic animal must have prior knowledge of
dangerous propensities abnormal to its class in order to be held strictly liable for injury). An owner of a dog may be liable
for injuries caused by the dog even if the animal is not vicious, if the plaintiff can prove that the owner's negligent handling
or keeping of the animal caused injury to the plaintiff. See Dunnings v. Castro, 881 S.W.2d 559, 562-63 (Tex.
App.--Houston [1st Dist.] 1994, writ denied). The Second Restatement of Torts addresses the liability for harm caused by
domestic animals that are not abnormally dangerous:

 [O]ne who possesses or harbors a domestic animal that he does not know or have reason to know or have reason to know to
be abnormally dangerous, is subject to liability for harm done by the animal if, but only if, (a) he intentionally causes the
animal to do the harm, or (b) he is negligent in failing to prevent the harm.



Restatement (Second) of Torts § 518 (1977); see also Allen ex rel. B.A. v. Albin, 97 S.W.3d 655, 665 (Tex. App.--Waco
2002, no pet.). This court has held that the owner of a domestic animal may be liable for the negligent handling of the
animal "if the owner had actual or constructive notice of facts that would put an ordinary person on notice that the animal
could cause harm and the owner was negligent in preventing such harm." Moore v. Moore, No. 04-00-00831-CV, 2001 WL
1360014, at *2 (Tex. App.--San Antonio Nov. 7, 2001, pet. denied) (not designated for publication). 

 In Jones v. Gill, the Fort Worth Court of Appeals analyzed the distinction between dog bites occurring in a place where the
animal has a right to be and those occurring elsewhere. See No. 2-03-298-CV, 2005 WL 503182, at *4 (Tex. App.--Fort
Worth Mar. 3, 2005, no pet.). The owner of a domestic animal is not liable for "injuries caused by it in a place where it has
a right to be," unless the owner knew or should have known of the vicious or unruly nature of the animal. See Lewis v.
Great S.W. Corp., 473 S.W.2d 228, 230 (Tex. Civ. App.--Fort Worth 1971, writ ref'd n.r.e). Additionally, in Rodriguez v.
Haddock, the Fort Worth court held that "[b]ecause the dog bit Appellant while it was in its own home, Appellant must
show more than a mere scintilla of evidence that Appellee knew or should have known of the dog's dangerous nature under
her negligence theory as well as her strict liability theory." See No. 2-01-386-CV, 2003 WL 1784923, at *2 (Tex.
App.--Fort Worth Apr. 3, 2003, no pet.). Other courts of appeals have similarly held that dog owners are not negligent if
the injury occurred where the dog had a right to be and the owner had no knowledge of any dangerous propensities. See,
e.g., Petry v. Gasca, No. A14-93-00433-CV, 1994 WL 132772, at *1 (Tex. App.--Houston [14th Dist.] Apr. 14, 1994, no
writ) (not designated for publication) (the "owner of a domestic animal is not liable for injuries caused by the animal when
it is in a place where it has a right to be"); Searcy v. Brown, 607 S.W.2d 937, 941 (Tex. Civ. App.--Houston [1st Dist.]
1980, no writ) (because dog was on owner's property, owner did not owe a duty to warn licensee who entered property to
inquire about it or to make conditions on property safe). 

 The Bushnells argue that Mott had prior knowledge of her dogs' dangerous propensities. (7) Genevia claims that she has
proved through circumstantial evidence that Mott knew that her dogs were strong enough and aggressive enough to push
open the screen door in order to attack Genevia and pull her down onto the front porch steps. Genevia specifically claims
that because Mott frantically attempted to position herself in front of the screen door to prevent the dogs from attacking
Genevia, Mott knew her dogs were dangerous. We cannot say, however, that this act alone amounts to actual or
constructive knowledge of the dogs' dangerous propensities. The Petry court stressed that "evidence that appellant's son put
the dog in his room when [the plaintiff] came to visit is not proof that the family had knowledge that the dog was vicious. 
We can conceive of many other reasons why the son would put the dog in another room when they had a visitor, and no
evidence of the son's reason for doing so was presented." 1994 WL 132772, at *3 (emphasis added).

 Likewise, we can conceive of other reasons why Mott would position herself in front of the screen door. She may have
feared that the dogs would run out into the yard, or down the street. Mott may have wished to prevent the dogs from
jumping on a visitor. In any event, the Bushnells have failed to present evidence showing that Mott had actual or
constructive knowledge of facts which would put an ordinary person on notice that the dogs would cause someone injury. 
Petry, 1994 WL 132772, at *1; see also Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983) (holding that "[w]hen
the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its
existence, the evidence is no more than a scintilla and, in legal effect, is no evidence"); Lette v. Baptist Health Sys., 82
S.W.3d 600, 602 (Tex. App.--San Antonio 2002, no pet.) (holding that circumstantial evidence relied on by plaintiffs to
prove causation was based on "mere conjecture, speculation and possibility, a standard of proof that is far below that which
is permitted by law" and amounts to no more than a scintilla of evidence of causation). 

Conclusion

 The final judgment entered by the trial court granting Mott's motion for summary judgment did not state the grounds on
which it was granted. Therefore, we must affirm the judgment if any of the theories advanced are meritorious. See Dow
Chem. Co., 46 S.W.3d at 242. We conclude the Bushnells failed to present more than a scintilla of evidence demonstrating
that Mott had actual or constructive notice of facts that would put an ordinary person on notice that the animals could cause
harm and the owner was negligent in preventing such harm. See Moore, 2001 WL 1360014, at *2. Accordingly, the trial
court did not err in granting Mott's motion for summary judgment, and the judgment of the trial court is affirmed. 

 Alma L. López , Chief Justice

1. Shaklee is a multilevel marketing company selling health and wellness products.

2. The Bushnells also sued Mott's parents, Douglas and Frances Hubbard, because they are the owners of the land on
which Mott's residence is located. They are not parties to this appeal.

3. At the September 2, 2005 hearing, plaintiffs' counsel stated the following: "So what we are asking Your Honor is that -
- this is what [plaintiffs' counsel] filed on August 17th, and what we are saying is that by stipulation, we withdraw 99
percent of it and ask only that we be permitted to argue the summary judgment motion on the basis of this supplemental
affidavit of Ms. Bushnell, which attaches to it the original statement that she made back when the incident happened, four
or five-page statement by a witness of how the attack began, how it occurred, what happened, and if we can simply argue - -
make argument on the basis of that one affidavit without bringing in anything else in view of all these other things, the
failure to provide 21 days' notice of a hearing twice is what we are talking about here." 

4. The premises liability claim was against the Hubbards and is not an issue on appeal. 

5. A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue and bars the
admitting party from disputing it. Lee v. Lee, 43 S.W.3d 636, 641 (Tex. App.--Fort Worth 2001, no pet.). The elements
required for a judicial admission are: (1) a statement made during the course of a judicial proceeding; (2) that is contrary to
an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and unequivocal; (4)
that, if given conclusive effect, would be consistent with public policy; and (5) that is not destructive of the opposing party's
theory of recovery. Laredo Med. Group Corp. v. Mireles, 155 S.W.3d 417, 429 (Tex. App.--San Antonio 2004, pet.
denied). 

6. A dog owner may be held strictly liable for injuries inflicted by the dog if: (1) the animal is of a vicious, dangerous, or
mischievous nature; (2) the owner has actual or constructive knowledge of such characteristics; and (3) the injury or damage
resulted from such propensities of which the owner had knowledge. Villarreal v. Elizondo, 831 S.W.2d 474, 477 (Tex.
App.--Corpus Christi 1992, no writ). Assuming, therefore, that the Bushnells did not judicially admit there was no evidence
to support their strict liability claim, we nonetheless hold that the Bushnells have failed to meet the standard for strict
liability since they did not submit any evidence showing that Mott had prior knowledge of the vicious or dangerous nature
of her dogs.

7. In their reply brief, the Bushnells state that Mott "totally ignores" the Lindsey v. Fuentes opinion, in which "the Houston
Court of Appeals ruled that a jury could reasonably infer that a dog owner's failure to stop an attack showed that the owner
knew the dog was dangerous and was therefore afraid to intervene." See Lindsey v. Fuentes, No. 01-99-00982-CV, 2000
WL 1867984, at *3 (Tex. App.--Houston [1st Dist.] 2000, no pet.) (not designated for publication). Lindsey, however, is
easily distinguished from the instant case. In Lindsey, evidence that the dog owner failed to stop the attack was not the sole
evidence presented. Additional evidence included: (1) the owner kept the dog outside at all times and did not allow it inside
the house where it might become familiar with other people; (2) the dog growled at a neighbor and frightened her so much
that she abandoned her efforts to take the dog to the groomer; (3) on the day of the attack, the owner stood by as her
neighbor ran out of his house, scaled a six foot fence, and ran to rescue the victim, who was just a few feet from where the
owner stood; (4) a friend who was present during the attack did nothing to help because he knew the backyard was the dog's
domain. Because similar evidence was not presented by the Bushnells, we decline to infer that Mott knew her dogs were
dangerous.