Affirmed and Memorandum Opinion filed January 25, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00806-CV

___________________

 

Cynthia Williams, Appellant

 

V.

 

Perry D. Sable, Appellee



 



 

On
Appeal from the County Court at Law No. 3

Harris County,
Texas



Trial Court Cause No. 918,586

 



 

 

MEMORANDUM OPINION

This is
an appeal by a mail carrier from a take-nothing summary judgment in favor of a
dog owner whose dog bit the mail carrier as she was delivering mail to the dog
owner’s home.  Concluding the summary-judgment proof conclusively negates the
element of proximate cause on all of the mail carrier’s claims, we affirm.

I.  Factual and Procedural
Background

Appellant/plaintiff
Cynthia Williams, a mail carrier, delivered mail in the neighborhood of
appellee/defendant Perry D. Sable.  As Williams was walking through Sable’s
front yard to deliver mail to the mailbox at the side of Sable’s front door, Sable’s
dog Tova bit Williams.  On prior deliveries, Williams had observed Tova and a
smaller dog in Sable’s house or in the fenced backyard behind the wrought iron
gate extending across Sable’s driveway.  As did other dogs, they barked at
Williams “all the time” when she delivered mail.  

Just before the incident
with Williams, a Federal Express driver had delivered a package to Sable, and
Tova barked until the delivery truck left.  Shortly thereafter, Sable was
unloading his car in the driveway.  Because Sable’s arms were full, his wife,
Dita, opened the gate for him.  She was holding Tova by the collar.  After Dita
opened the gate, Tova lunged forward, broke free of Dita’s hold, and ran past
Sable.  Dita yelled, “Don’t move,” and Sable turned and saw Williams near his
car.  Until that point, Sable had not seen Williams and did not know she was
there.

According to Williams,
after she had walked around the rear of Sable’s car and was approaching Sable’s
mailbox, Sable’s driveway gate opened on the driver’s side of the car. 
Williams did not see who opened the gate or when it opened because events
occurred so quickly.[1] 
Tova jumped on Williams and bit her on the forearm.  Tova’s force knocked
Williams to the ground.  Nothing had been blocking Dita’s view of Williams as Williams
walked around Sable’s car, but Williams did not say anything to, or establish
eye contact with, Sable or Dita.

It is undisputed that,
from the time Sable acquired Tova in 2004 until this incident, Tova had never
bitten anyone, jumped on or knocked anyone to the ground, attacked or chased
anyone approaching or passing by the gate, and had never bolted outside the
gate.  In a written statement made ten days after the incident, Sable speculated
Tova had perceived Williams’s position on the property and her actions as a
threat.[2]

Williams sued Sable,
alleging gross negligence, negligence, and negligence per se.[3]  She based her
negligence-per-se claim on Sable’s alleged violation of Houston City Ordinance 6.101,
which prohibits dogs from running at large.[4]

Sable answered the
lawsuit with a general denial and also alleged Williams’s negligence
proximately caused the accident.  Sable later filed a motion for summary
judgment, contending he was entitled to summary judgment because he “did not
breach a duty that proximately caused injuries to [Williams].”[5]  He argued, in
part, that he “could not have reasonably foreseen that the dog would escape
from his wife’s grasp, run outside the gate and attack [Williams]. The dog had
never run outside the gate and chased a passerby before.  Moreover, [he] did
not know that [Williams] was nearby.”  In support, Sable attached Williams’s “Objections
and Answers to Interrogatories,” portions of Williams’s oral deposition, and Sable’s
July 20, 2009 affidavit.

Williams responded,
contending, in part, that Sable’s knowledge of “the dog’s prior vicious
propensities” was not an element of her negligence-per-se claim.  Referring to the
dog’s barking at the Federal Express driver, Williams asserted in relation to
common-law negligence, “[T]he dog was clearly agitated at the time of the
attack and care was required to ensure it was under control.”  She also
referred to Sable’s statement, ten days after the incident, that the dog would
protect him and his property.  In support of her response, Williams attached
her affidavit, portions of her oral deposition, and Sable’s statement.

The trial court granted
summary judgment in Sable’s favor, ordering Williams take nothing on her cause
of action against Sable.

II.  Analysis

            In
two issues, Williams challenges the trial court’s granting of summary judgment
in Sable’s favor.  In her first issue, she argues the trial court erred in
determining no genuine material fact issue existed on the element of breach of
duty.  In her second issue, she argues the trial court erred in determining no
genuine material fact issue existed on the element of proximate cause.

A.        Standard
of Review

            In
reviewing a traditional summary judgment, we consider whether the successful
movant at the trial level carried the burden of showing that there is no
genuine issue of material fact and that judgment should be granted as a matter
of law.  KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999).  To be entitled to a traditional summary judgment,
a defendant must conclusively negate at least one essential element of each of
the plaintiff’s claims or conclusively establish each element of an affirmative
defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).
 If the movant’s motion and summary-judgment evidence facially establish its
right to judgment as a matter of law, the burden shifts to the nonmovant to
raise a genuine, material fact issue sufficient to defeat summary judgment.  M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).

            In
our de novo review of a trial court’s summary judgment, we consider all the
evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not.  Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine issue of fact
if reasonable and fair-minded jurors could differ in their conclusions in light
of all of the summary-judgment evidence.  Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 755–56 (Tex. 2007).  When, as in this case, the
order granting summary judgment does not specify the grounds on which the trial
court relied, we must affirm the summary judgment if any of the independent
summary-judgment grounds is meritorious.  FM Props. Operating Co. v. City of
Austin, 22 S.W.3d 868, 872 (Tex. 2000).

B.        Elements
of Claims

The elements of a claim
for common-law negligent handling of an animal are (1) the defendant was the owner
or possessor of an animal, (2) the defendant owed a duty to exercise reasonable
care to prevent the animal from injuring others, (3) the defendant breached
that duty, and (4) the defendant’s breach proximately caused the plaintiff’s
injury.  Trujillo v. Carrasco, 318 S.W.3d 455, 459 (Tex. App.—El Paso
2010, no pet.).

Negligence per se is a
common-law tort concept in which a statute defines the standard of conduct.  Thomas
v. Uzoka, 290 S.W.3d 437, 444 (Tex. App.—Houston [14th Dist.] 2009, pet.
denied).   Negligence per se therefore is not a separate claim that exists
independently of a common-law negligence claim.  Id. at 445.  Instead,
negligence per se is merely one method of proving a breach of duty, a requisite
element of any negligence claim.  Id.

“Other than in worker’s
compensation cases . . . , a finding of ordinary negligence is prerequisite to
a finding of gross negligence.  Although gross negligence refers to a different
character of conduct, a party’s conduct cannot be gross negligence without
being negligent.”  Shell Oil Co. v. Humphrey, 880 S.W.2d 170, 174 (Tex.
App.—Houston [14th Dist.] 1994, writ denied) (citation and footnote omitted).

Thus, each of Williams’s
claims—negligence, negligence per se, and gross negligence—include the element
of proximate cause.  Proximate cause, in turn, consists of cause-in-fact and
foreseeability.  See Allen v. Albin, 97 S.W.3d 655, 668 (Tex. App.—Waco
2002, no pet.) (in dog-attack case, citing Doe v. Boys Clubs of Greater
Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)).  In his summary-judgment
motion, Sable alleged, inter alia, that he had disproved both the cause-in-fact
and foreseeability components of proximate cause.

C.        Conclusive
Negation of the Foreseeability Component of Proximate Cause

            In the context of
proximate cause, foreseeability requires that a person of ordinary intelligence
would have anticipated the danger created by a negligent act or omission,
although it is not required that such a person would anticipate the precise
manner in which injury will occur once he has created a dangerous situation
through his negligence.  Read v. Scott Fetzer Co., 990 S.W.2d 732, 737
(Tex. 1998); Choice v. Gibbs, 222 S.W.3d 832, 839 (Tex. App.—Houston [14th
Dist.] 2007, no pet.).  Foreseeability requires more than someone, viewing the
facts in retrospect, theorizing an extraordinary sequence of events whereby the
defendant’s conduct brings about the injury.  Doe v. Boys Clubs of Greater
Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995).  Foreseeability cannot be
established by mere conjecture, guess, or speculation.  W. Invs., Inc. v.
Urena, 162 S.W.3d 547, 551 (Tex. 2005).  Instead, the question of
foreseeability involves a practical inquiry based on common experience applied
to human conduct.  Read, 990 S.W.2d at 737; Choice, 222 S.W.3d at
839.  Applying these principles and viewing the summary judgment evidence in
the light most favorable to Williams, we conclude Sable conclusively negated
the foreseeability component of proximate cause.

            The summary judgment
evidence included the following:

·       
Sable’s statement that Tova had barked at a Federal Express
delivery truck just before Sable started to unload his car and William’s sworn statement
the dog was barking and jumping as she delivered mail to Sable’s next-door
neighbor;[6]

·       
Sable’s statements his wife opened the driveway gate because
Sable’s arms were full;

·       
Sable’s statements when his wife opened the gate, she was holding
Tova by the collar;

·       
Williams’s sworn statement there was nothing blocking Sable’s
wife’s view of Williams as Williams walked around Sable’s car;

·       
Sable’s sworn statement that, after his wife opened the gate,
Tova lunged forward, broke loose of his wife’s hold, and ran past Sable;

·       
Sable’s sworn statement that he had not seen Williams and did not
know she was on his property until his wife yelled, “Don’t move”;

·       
Williams’s sworn statement the dog attacked her in Sable’s front
yard as she came around the rear driver’s side of Sable’s car;

·       
Williams’s sworn statement that Sable or his wife, or both, “got
the dog off her”;

·       
Sable’s statement Tova had perceived Williams’s position on the
property and her actions as a threat and Williams knew Tova would protect Sable
and his property;

·       
Williams’s sworn statement the dog barked at her every time she
delivered mail to Sable, her testimony Sable’s dogs barked at her “all the
time,” did not bark at her differently than other dogs, and she had no reason
to think they would attack her;

·       
Williams’s testimony she did not know of anyone who had “had a
run-in” with Sable’s dog and no one had ever warned her about his dog; and

·       
Sable’s statement this was the first time Tova had been involved
in an incident of this nature and his sworn statement that, since he obtained
the dog in 2004, the dog “had never bitten anyone, jumped on anyone or knocked
anyone to the ground. The dog had never bolted outside the gate before. The dog
had never attacked or chased anyone approaching or passing by my gate or front
yard before.”

            Thus, the summary-judgment
evidence establishes Sable was not the person who opened the gate. 
Furthermore, even if one were to infer that Sable’s wife opened the gate at
Sable’s request (an inference favorable to the nonmonvant), the evidence showing
that Sable was unaware of Williams’s presence is uncontroverted.  Finally,
Sable’s statements indicating Tova had never done anything of this nature were
also uncontroverted.

            In response to similar
claims and summary-judgment evidence comparable to that in the case under review,
the El Paso Court of Appeals upheld a judgment in favor of the defendant.  As
the appellate court summarized:

            The chronology of the case at hand is that the
Appellant sued the Appellee by petition alleging the Appellee negligently
allowed his dog to run at large and attack the postman Appellant.  In an
affidavit supporting a Motion for Summary Judgment, the Appellee stated that
the dog had never exhibited any violent propensities or bitten anyone before. 
Depositional evidence of the Appellant to the effect that the attack by the
small dog occurred on the premises of the Appellee, and that Appellant also
knew of no prior attacks by the dog in question, was additionally offered. 
Summary judgment was entered.  Then Appellant filed a Motion for a New Trial
specifically emphasizing the El Paso city ordinances that prevent dogs from
running at large and require them to be on a leash.  On the very same
subsequent day, the trial court granted the Motion to Set Aside the Summary
Judgment and then entered another summary judgment without further notice.

Gill v. Rosas, 821 S.W.2d
689, 690 (Tex. App.—El Paso 1991, no writ).

The El Paso appellate court concluded that the trial
court had erred in rendering the second summary judgment without permitting the
plaintiff time to amend his pleadings but that the error was harmless.  After
referring to the two components of proximate cause, the court observed (1)
failure to prevent the dog from roaming the streets was not the cause in fact
of the plaintiff’s injury and (2) the defendant had proved, by his affidavit,
lack of knowledge of the dog’s propensity for violence.  Id. at 691
(adopting the reasoning of Searcy v. Brown, 607 S.W.2d 937 (Tex. Civ.
App.—Houston [1st. Dist.] 1980, no writ), regarding negligence per se).

Williams points to the evidence Tova had barked at a
Federal Express driver just before the incident and was barking as Williams
delivered mail to Sable’s neighbor.  As the Fort Worth Court of Appeals has observed,
however, “Dogs bark for many reasons and sometimes for reasons known only to
themselves.”  Jones v. Gill, No. 02-03-0298-CV, 2005 WL 503182, at *4,
2005 (Tex. App.—Fort Worth Mar. 3, 2005, no pet.).  Additionally, Williams
stated that Sable’s dogs always barked at her and, before the incident, she had
no reason to believe they would attack her.

Williams also directs our attention to Sable’s
statement Tova had perceived Williams’s position on the property and her
actions as a threat and Williams knew Tova would protect Sable and his
property.  This statement appears to be no more than Sable’s retrospective
attempt to explain the animal behavior Tova exhibited for the first time on the
day of the incident.  The foreseeability component of proximate cause, however,
requires more than conjecture, guess, or speculation.  See W. Invs., 162
S.W.3d at 551.  Sable’s post-incident statement does not undermine Sable’s
uncontroverted sworn statement Tova had never before broken lose or bitten
anyone.  See Boys Clubs, 907 S.W.2d at 478 (“Foreseeability
requires more than someone, viewing the facts in retrospect, theorizing an
extraordinary sequence of events whereby the defendant's conduct brings about
the injury.”).

For the preceding reasons, we conclude Sable
conclusively negated the foreseeability component of proximate cause for each
of Williams’s claims.  Accordingly we overrule Williams’s second issue.[7]

The judgment of the
trial court is affirmed. 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Frost, and Brown.










[1] Williams assumed Dita had
opened the gate because she had observed Dita standing by the gate as Williams
approached Sable’s residence.  





[2] Sable concluded his
statement by opining, “The mail carrier put herself in a precarious situation,
and she knows my dog will protect me and my property.”





[3] Williams did not sue
Sable’s wife.





[4] Houston, Tex., Code of
Ordinances, ch. 6, art. IV, § 6-101(a) (2010).





[5] In his summary-judgment
motion, Sable did not refer to Williams’s claim for gross negligence.  His
allegation that his actions were not the proximate cause of Williams’s injuries
and the summary-judgment proof in support of that allegation, however, applied
to all three claims.





[6] For clarity we refer to
statements in the parties’ affidavits as “sworn statements.”  We refer to
Sable’s unsworn statement as his “statement.”  We refer to statements appearing
in both Sable’s affidavit and his unsworn statement, as “statements.” We refer
to Williams’s deposition testimony as “testimony.”  





[7]  Because of our disposition
of Williams’s second issue, we need not address her first issue.  See FM
Props. Operating Co, 22 S.W.3d at 872.