**AFFIRMED and Opinion Filed April 26, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-22-00659-CV
_____

## KENNETH CERNAK, Appellant
## V.
## JILL STUDLEY AND DAVID POLLOCK, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-03116-2021**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia and Kennedy
Opinion by Justice Garcia

This case involves the alleged negligent handling of a puppy. The trial court granted a no-evidence summary judgment in favor of Jill Studley and David Pollock (together, "Studley-Pollock") on Kenneth Cernak's ("Cernak") negligence claim. Cernak now argues the summary judgment is erroneous because it was foreseeable that the puppy would escape from the house and the backyard, run into the street, startle him, and cause him to fall. As discussed below, we affirm the trial court's judgment.

## I. Background

On the day in question, Cernak was walking his 100-pound dog Riley across the street from the Studley-Pollock's home. Cernak carried a baton.

Studley's father was visiting the Studley-Pollock residence and a third party was in their backyard to pick up a swing set. The third party left the gate open, and when Studley's father opened the back door to the residence, Grayson, a five-month-old twenty-five to thirty pound puppy, darted out the door, out of the backyard and into the street. Grayson did not bark or growl, but instead, ran in circles in the street.

Cernak and Riley were on the opposite side of the street and had passed the Studley-Pollock residence. Cernak heard yelling and when he saw Grayson, he unsheathed his baton and pointed it at Grayson. Grayson ran toward Cernak and stopped about six feet from the baton. Grayson did not bark, growl, attack, or otherwise make contact with Cernak or Riley.

Studley, her father, and the person taking the swing set tried to collect Grayson. Grayson moved to the right side of Cernak and Cernak moved. He was standing in what he described as a "severely sloped yard" with a five to six inch "grass curb." Cernak's foot hit the "hard dirt that was holding the grass," lost his balance, and fell. Cernak sustained a shoulder injury as a result of the fall.

Cernak sued Studley and Pollock for negligent handling of an animal, strict liability, negligence per se, and gross negligence.[1] Studley and Pollock moved for traditional and no-evidence summary judgment on Cernak's claims. The no-evidence section of the motion argued, inter alia, that Cernak was not entitled to recover on his negligence claim because there was no evidence that the incident was foreseeable.

Prior to the court's summary judgment ruling, Cernak conceded that his strict liability, negligence per se, and gross negligence claims were not viable because Grayson had no "vicious propensities." Cernak responded to the summary judgment motion and included his deposition, the Pollock and Studley depositions, and a picture of an unknown dog in support.[2] Studley-Pollock objected to and moved to strike some of Cernak's evidence, but our record does not include a ruling on those objections.

After a hearing, the trial court granted Studley-Pollock's summary judgment motion and dismissed Cernak's claims with prejudice. Cernak moved for reconsideration and the trial court denied the motion. This appeal followed.

---

[1] Cernak's petition also named a John Doe defendant described as an unknown contractor or contracting company, but Cernak subsequently nonsuited his claims against this defendant.

[2] The picture is not authenticated, but purports to be a full-grown Thai Ridgeback, the same breed as Grayson.

## II. Analysis

**Standard of Review and Applicable Law**

Although Studley-Pollock initially moved for summary judgment on all of Cernak's claims, Cernak conceded all but the negligence claim as a matter of law. Accordingly, we review the no-evidence summary judgment on Cernak's negligence claim.

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). In our review, we apply the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id.* Evidence is no more than a scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

The alleged negligence at issue here is negligent handling. A person injured by a dog or other domestic animal may bring suit for negligent handling against the animal's owner. *See Marshall v. Ranne*, 511 S.W.2d 255, 258 (Tex. 1974). To recover on such a claim, a plaintiff must prove: (1) the defendant was the owner or possessor of an animal; (2) the defendant owed a duty to exercise reasonable care to prevent the animal from injuring others; (3) the defendant breached that duty; and (4) the defendant's breach proximately caused the plaintiff's injury. *Thompson v. Curtis*, 127 S.W.3d 446, 451 (Tex. App.—Dallas 2004, no pet.). Unlike strict liability, the plaintiff need not prove that the animal was vicious or dangerous. *Dunnings v. Castro*, 881 S.W.2d 559, 562 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014). In a case such as this, to establish breach of duty, a plaintiff "must present some evidence showing [the defendant] did not act as a reasonable prudent person would have acted in the same or similar circumstances in the handling of the dog." *Stein v. Reger*, No. 01-15-00470-CV, 2016 WL 3162589, at *4 (Tex. App.—Houston [1st Dist.] June 2, 2016, no pet.) (mem. op.).

Proximate cause consists of two elements: (1) cause in fact, and (2) foreseeability. *Allen v. Albin,* 97 S.W.3d 655, 668 (Tex. App. —Waco 2002, no pet.). "Cause in fact means the negligent act or omission was a substantial cause in

bringing about the injury and without which no harm would have been incurred." *Searcy v. Brown*, 607 S.W.2d 937, 941 (Tex. App.—Houston [1st Dist.] 1980, no writ). An incident is foreseeable if a person of ordinary intelligence would have anticipated the danger created by a negligent act or omission. *See Read v. Scott Fetzer Co.*, 990 S.W.3d 732, 737 (Tex. 1998). A party is not held responsible for the consequences of an act that cannot be reasonably foreseen. *Labaj v. VanHouten*, 322 S.W.3d 416, 421 (Tex. App.—Amarillo 2010, pet. denied).

**Was Cernak's Injury Foreseeable?**

Our negligence analysis here turns on foreseeability. Cernak argues the incident was foreseeable, relying on testimony that Grayson has a lot of energy, likes to run around, and has previously jumped on strangers. He further relies on Studley-Pollock's admission that they read that a Thai Ridgeback dog "should not be your first dog," and that the breed "can have the propensity to be aggressive." In addition, the Studley-Pollock's admitted that they have a duty to confine their dog and intentionally unlocked and opened the back gate for the retrieval of the swing set.

But the evidence also shows that Grayson was not in the yard at the time of the incident. He was securely inside the home when the gate was unlocked and had never escaped the home or backyard in the eleven to twelve weeks he resided with the family. There is no evidence to suggest that Studley-Pollock knew the man removing the swing set would leave the gate open, nor is there evidence that they were aware that the gate was open at the time of the escape. There is also nothing to

establish that anyone in the Studley-Pollock home was aware that Cernak and Riley were walking by the home. In short, there is no evidence that Studley-Pollock should reasonably anticipated that a third-party would leave the gate open and Studley's father would open the back door to inadvertently facilitate Grayson's escape out of the home and then the yard as Cernak and Riley walked by on uneven terrain.

Moreover, despite Cernak's arguments concerning the general characteristics of Grayson's breed, there is nothing to establish that Grayson had these characteristics. The foreseeability element requires more than conjecture, guess or speculation. *W. Invs. Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).

Although Grayson had previously jumped on strangers, it was in a playful manner and prior to his training. Grayson was a happy, friendly playmate to Studley's young son. Grayson never barked, growled, or displayed aggressive or vicious behavior toward any person or dog, nor did he engage in this behavior with Cernak or Riley.[3]

We reject Cernak's argument that it is "common sense" that "a dog escaping a yard through an open gate and running towards a passerby" is foreseeable. *See Garza v. Sancen*, No. 05-15-00666-CV, 2016 WL 1469345, at *3 (Tex. App.— Dallas Apr. 14, 2018, pet. denied) (mere assertion that it was foreseeable that leaving

---

[3] Although evidence of vicious or dangerous propensity is not required in a negligent handling case, *see Dunnings*, 881 S.W.2d at 562, Grayson's disposition is nonetheless relevant to whether a reasonable person would anticipate that his escape could potentially cause harm. *See Gorman v. Murali*, No. 02-17-00232-CV, 2018 WL 2727825, at *2 (Tex. App.—Fort Worth 2018, no pet.) (mem. op.) (animal's vicious tendencies may be factors in determining foreseeability and proximate cause).

gate open could lead to the dog getting out did not constitute competent summary judgment evidence). The summary judgment evidence here does not establish that the incident was foreseeable. *See Williams v. Sable*, No. 14-09-00806-CV, 2011 WL 238288, at *4 (Tex. App.—Houston [14th Dist.] Jan. 25, 2011, no pet.) (mem. op.) (no foreseeability when dog owner did not know plaintiff was there, was not the one who opened the gate, and dog had never done anything similar before).

Cernak insists that foreseeability is a fact issue to be determined by a jury. While this is sometimes true, it is not a foregone conclusion. If a nonmovant fails to meet his burden, nothing precludes summary judgment on the foreseeability element of a negligence case. *See, e.g., Smith v. Province*, No. 07-18-00026-CV, 2019 WL 1870105, at *4 (Tex. App.—Amarillo Apr. 25, 2019, no pet.) (mem. op.) (granting summary judgment on foreseeability). Indeed, when a party moves for no-evidence summary judgment, there is no issue to submit to a jury unless the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i); *Jones v. Gill*, No. 02-03-298-CV, 2005 WL 503182, at *2 (Tex. App.—Fort Worth Mar. 3, 2005, no pet.) (mem. op.).  There is no such evidence of probative force here.

Accordingly, the trial court did not err in granting summary judgment on Cernak's negligence claim. We resolve Cernak's issue against him and affirm the trial court's judgment.


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


220659F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH CERNAK, Appellant

No. 05-22-00659-CV     V.

JILL STUDLEY AND DAVID POLLOCK, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas Trial Court Cause No. 416-03116-2021.

Opinion delivered by Justice Garcia. Justices Pedersen, III and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JILL STUDLEY AND DAVID POLLOCK recover their costs of this appeal from appellant KENNETH CERNAK.

Judgment entered this 26th day of April 2023.